PLYMOUTH UNITED SAVINGS BANK *v.* LEE.

1. FRAUDULENT CONVEYANCES—ANTECEDENT DEBT—EVIDENCE.

In creditor's suit to set aside conveyance of farm acreage and buildings from 88-year old grantor to his son and wife, executed about. five weeks after renewal of notes to plaintiff, record *held*, without competent proof of an antecedent debt the satisfaction of which would sustain a conveyance (3 Comp. Laws 1929, § 13394).

2. SAME—ANTECEDENT DEBT—CONTRACT FOR COMPENSATION—PARENT AND CHILD.

Evidence that son rendered services to father some 20 years prior to conveyance of farm acreage and buildings without proof of contract for compensation *held*, insufficient evidence of antecedent debt to sustain such conveyance in creditor's suit to set it aside as in 'fraud of creditors (3 Comp. Laws 1929, § 13394).

3. SAME—SATISFACTION OF ANTECEDENT DEBT.

Under the fraudulent conveyance act a fair consideration to support a conveyance may consist of satisfaction of an antecedent debt but it is necessary to show that such debt existed (3 Comp. Laws 1929, § 13394).

4. EXECUTORS AND ADMINISTRATORS—CREDITORS—ASSETS OF THE ESTATE.

If executors who are charged with the. duty to recover assets for the payment of decedent's debts, refuse to act, a creditor, upon giving proper bond, for the purpose of recovery of assets, steps into the shoes of the executor, and all assets so recovered by such creditor, suing in the name of the executor, belong to the estate and all its creditors (3 Comp. Laws 1929, § 15669).

5. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —CREDITORS—EXECUTORS—FRAUDULENT CONVEYANCES.

In suit by creditor of testator against executor who refused to act in setting aside conveyance to himself from testator as in fraud of creditors, the creditor becomes the ''protected party'' and the defendant executor an ''opposite party'' within mean-

ing of statute barring testimony of opposite parties as to matters equally within knowledge of deceased (3 Comp. Laws 1929, §§ 14219, 15669).

Appeal from Wayne; Webster (Arthur), J. Submitted October 6, 1936. (Docket No. 7, Calendar No. 39,009.) Decided December 28, 1936.

Bill by Plymouth United Savings Bank, a Michigan corporation, in the names of George Lee, Jr., and Wirt Lee, co-executors of the estate of George Lee, Sr., deceased, against George Lee, Jr., and wife, Virginia Lee and Helen Lee to set aside conveyances alleged to have been made in fraud of creditors. From decree, defendants George Lee, Jr., and wife appeal. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Hugh G. Allerton,* for defendants.

BUTZEL, J. On November 8, 1931, George Lee, Sr., then 88 years of age and a resident of Plymouth, Michigan, renewed his own note for $1,031 and also indorsed a renewal note for $9,660 for his son Wirt Lee at plaintiff bank. At the time, he was the owner of a farm of approximately 200 acres near Plymouth, Michigan. On December 14, 1931, he deeded a life estate in 50 acres of the property to his daughter Florence with remainder over to certain grandchildren. He also deeded 105 acres of the land, improved with farm buildings, to his son George Lee, Jr., and the latter's wife, Helen Lee. He thus became insolvent, for the value of the sole remaining 46 acres retained by him was far less than his obligations at the time. Upon his death, George Lee, Jr., and Wirt Lee were appointed executors.

The claim of plaintiff for over $10,000 was duly filed with the commissioners and no question is raised as to its correctness. Plaintiff bank, claiming that the deeds given by decedent to his children were without a fair consideration and in fraud of creditors, requested the executors to bring a suit to set aside the deeds. On their refusal, plaintiff, in accordance with the provisions of 3 Comp. Laws 1929, § 15669, began this suit in the name of the executors to set aside the conveyances. The trial court upheld the conveyance of the 50 acres to the daughter and grandchildren, but set aside the deed of the 105 acres given to George Lee, Jr., and his wife, holding that the latter deed was in fraud of creditors and not given for a fair consideration.

Defendants, on appeal, base their claim of fair consideration upon the services rendered by George Lee, Jr., after he became 13 years of age and until he reached the age of 25 and for the further period of 15 months beginning January 1, 1909.

It will be noted that these services were rendered over two decades prior to the giving of the deed. During the larger part of this period, George Lee, Jr., lived on the farm. There is no doubt, but that he rendered valuable services and furnished materials for his father and that he also managed the collection and disbursement of income from the farm. No books were kept; no accounting was had between the parties and no account stated was ever arrived at; nor does there seem to have been any demand made, nor any contract entered into for the services. The testimony of George Lee, Jr., if admissible, might tend to show some indefinite agreement that he was to be paid for his services. However, inasmuch as this testimony was incompetent, the record does not contain proof of any contract for compensa-

tion. Under the fraudulent conveyance act (Act No. 310, Pub. Acts 1919 [3 Comp. Laws 1929, § 13392, *et seq.*]), especially section 13394, a fair consideration to support a conveyance may consist of satisfaction of an antecedent debt, but it is necessary to show that such debt existed. The judge stated in his opinion:

"In my opinion George himself is not a competent witness to testify either to services rendered or goods furnished to the deceased. With this testimony eliminated the record does not disclose any very satisfactory evidence as to materials furnished to the father or as to whether these materials were paid for when received. Moreover there is nothing to show an express agreement of the father at the time the services were rendered to pay for them, and being a son they would be presumed to be gratuitous. As appears from the testimony of one of the witnesses, the father 25 years after the services were rendered, probably expressed a desire to compensate George. This, however, was at a time when the father had assumed obligations to the bank which placed him in a precarious financial position. He should not be too harshly condemned for attempting to salvage a part of his farm for the benefit of George after he had come to the rescue of his son Wirt at the time he guaranteed the note at the bank. Nevertheless, the father made the deed to George just about a month after this guarantee to the bank, and it seems to me, in an effort to find a supporting consideration, this claim for services rendered a quarter of a century before was revived."

The court reached the correct conclusion. The decision of the case hinges entirely upon whether or not the testimony of George Lee, Jr., should have been excluded under 3 Comp. Laws 1929, § 14219, which forbids the admission of testimony of an ad-

verse party as to matters equally within the knowledge of the deceased.   The bill of plaintiff bank, while largely in the nature of a creditor's bill, is brought for the benefit of all creditors of the estate. If the executors who are charged with the duty to recover assets for the payment of decedent's debts, refuse to act (3 Comp. Laws 1929, § 15669), the creditor, upon giving proper bond, for the purposes of the recovery of assets, steps into the shoes of the personal representative, and all assets so recovered by such creditor, suing in the name of the personal representative, belong to the estate and are available to the estate and all its creditors.   Under such circumstances, the plaintiff creditor becomes a "protected party" and defendant Lee an "opposite party" within the meaning of 3 Comp. Laws 1929, § 14219.   It is obvious that the latter's interest is antagonistic to the interest of the estate.   The testimony of George Lee, Jr., was inadmissible and without it the record is devoid of any contract to pay for his services.   The testimony of the other witnesses called by defendants would merely tend to show an intention of the father to make a gift to his son at some future date.

The decree of the lower court is affirmed.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred.   POTTER, J., did not sit.