RECONSTRUCTION FINANCE CORP. v. LEE.

1. EQUITY—JURISDICTION—TRUSTS.
    A court of equity has jurisdiction of cases involving breach of trust or performance of trust duties.

2. EXECUTORS AND ADMINISTRATORS—TRUST RELATION WITH CREDITORS—INSOLVENCY.
    An administrator or executor sustains such a trust relation to the heirs, legatees and devisees, and to the creditors, especially with creditors if the estate is insolvent, that a court of equity exercises jurisdiction over the administrator or executor as though he were a trustee.

3. ESTATES OF DECEDENTS—OBJECTIONS TO ALLOWANCE OF CLAIM AS CONDITION PRECEDENT TO APPEAL.
    A condition precedent to right of appeal from allowance of a claim against an estate is that an objection shall have been made to the allowance of the claim before the commissioners file their report (3 Comp. Laws 1929, § 15961).

4. FRAUD—EQUITY—JURISDICTION.
    In cases of fraud or breach of trust, equity will retain jurisdiction even though a court of law might take cognizance of the matters.

5. SAME—FACTS IN PARTICULAR CASE.

> In passing upon the question of fraud, where raised, the court must consider the actual facts in the particular case.

6. EXECUTORS AND ADMINISTRATORS—INSOLVENT ESTATES OF DECEDENTS—REVIVAL OF COMMISSION ON CLAIMS—NOTICE—FRAUD.

> Where coexecutors of an insolvent estate were two sons of deceased, one of whom obtained revival of commission on claims and presented a claim against the estate, reasonable fairness would require that a disinterested party be substituted for them and their action in obtaining allowance of the claim without notice to plaintiff or other creditors of the estate constituted a fraud, in law, upon such creditors since latter were effectively deprived of their day in court.

7. TRUSTS—CONFLICT OF INTERESTS IN TRUSTEE.

> One occupying a position of trust and confidence may not place himself in a situation in which his interest may conflict with his duty.

8. JUDGMENT — RES JUDICATA — DEED WITHOUT CONSIDERATION — CLAIM AGAINST INSOLVENT ESTATE OF DECEASED GRANTOR.

> In suit to set aside conveyance made by deceased to his son, alleged by defendant to have been made for an antecedent consideration, decision thereon adverse to such son was *res judicata* of his claim against father's insolvent estate on revived commission on claims based on same consideration where former adjudication was that since father had not become obligated to pay his son for the alleged services and materials the deed from father to son was without consideration and, the father not being obligated, his estate was not chargeable with them.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 9, 1939. (Docket No. 50, Calendar No. 40,570.) Decided September 5, 1939.

Bill by Plymouth United Savings Bank against George Lee, Jr., to set aside the allowance of a claim by commissioners on claims. Decree for plaintiff. Defendant appeals. Reconstruction Finance Corporation substituted in place and stead of Plymouth United Savings Bank. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Payne & Payne,* for defendant.

NORTH, J.   By its suit in equity plaintiff sought and obtained a decree which nullified the allowance in the probate court of Wayne county of defendant's claim amounting to $11,235 against the estate of his deceased father, and also enjoined defendant from in any manner asserting this claim against the estate.   Defendant has appealed.

Defendant's father, George Lee, Sr., died in March, 1932.   Defendant and his brother, Wirt Lee, were appointed co-executors of the father's estate. It developed that the estate was insolvent.   Plaintiff as assignee of the rights of the Plymouth United Savings Bank is a creditor of the estate in an amount exceeding $10,000.   In his lifetime George Lee, Sr., conveyed real estate owned by him to defendant George Lee, Jr., and his wife.   After it appeared the estate was insolvent, the Plymouth Bank in behalf of creditors of the Lee estate brought suit to set aside the deed of this property, claiming that it was without valid consideration and a fraud upon the creditors.   The suit to cancel the deed was defended on the ground that the conveyance had been made by his father to George Lee, Jr., and wife in consideration of services rendered and materials furnished to the father by the son.   The trial court found against the claimed consideration and by its decree cancelled the deed.   On appeal the decree was affirmed December 28, 1936.   See *Plymouth United Savings Bank* v. *Lee,* 278 Mich. 545.

Thereafter, in May, 1937, George Lee, Jr., petitioned the probate court and obtained revival of the commission on claims in the father's estate; and without notice to plaintiff or other creditors of the

estate, George Lee, Jr., obtained allowance in the amount of $11,235 of the same claim against which the circuit court in chancery had found when it was asserted as the consideration for the deed from the father to the son.

Plaintiff herein had no knowledge of this proceeding wherein defendant's claim was allowed until after expiration of the time within which it had a right to appeal.   Defendant's claim was allowed June 17, 1937; and on July 1, 1938, plaintiff filed its bill of complaint herein on the theory that hearing and allowing defendant's claim against the insolvent estate without notice to plaintiff and other creditors was a fraud upon plaintiff and the other creditors towards whom defendant and his brother Wirt as coexecutors of the estate sustained a trust relation; and that defendant's claim should be decreed disallowed on the ground of *res judicata* by reason of the decree in the former chancery case wherein the same claim had been unsuccessfully asserted as the consideration for the deed from George Lee, Sr., to defendant and his wife.   It is from the decree in the circuit court in chancery granting, after hearing, the relief prayed, that defendant has appealed.

Jurisdiction.   Appellant's contention that the court of equity was without jurisdiction is not tenable.   Cases involving breach of trust or performance of trust duties constitute a thoroughly recognized branch of equity jurisdiction.   *Ewing* v. *Lamphere,* 147 Mich. 659 (118 Am. St. Rep. 563). It is elementary that an administrator or executor sustains a trust relation to the heirs, legatees and devisees, and to the creditors of the estate of a deceased person.   *Pierce* v. *Holzer,* 65 Mich. 263; and *McCulley* v. *Rivers,* 203 Mich. 417, 427.   Especially does such trust relation with the creditors exist if the estate is insolvent.

"Executors and administrators are considered by the court of chancery as being trustees, and on this ground the court exercises jurisdiction over them in behalf of heirs, devisees, legatees, and creditors, with respect to the proper execution of their trust." 19 Am. Jur. p. 155.

"The executor or administrator is not only the personal representative of decedent, but is also to a very great extent the representative of the creditors and of the legatees or distributees. He occupies a position of trust with respect to those who are interested in the estate, and is a trustee in the broadest sense, although not in the general acceptation of the term." 23 C. J. p. 1170.

"It is undoubtedly the law that the defendant Brooks cannot, by reason of being the administrator, be classified in a technical sense as the trustee of this estate holding legal title to it and primary use of it in trust for the benefit of another; but, in a broader sense of the expression as commonly understood and as recognized by courts of equity in considering duties and responsibilities of one situated as he is shown to have been, his control of the estate involved fiduciary, confidential trust relations between him and complainants." *Parks* v. *Brooks,* 188 Mich. 645, 657.

Aside from the foregoing it might well be held in a case of this character, especially in view of the fraud alleged, that equity has jurisdiction because plaintiff has no adequate remedy at law. If, as we shall hereinafter note, appellant's prosecution of his claim against the insolvent estate without notice to plaintiff and other creditors was at least a fraud in law, then plaintiff herein was thereby deprived of its rights to appeal from the decision of the commissioners on claims by reason of such fraud having been perpetrated. Time for appeal was limited. 3 Comp. Laws 1929, § 15960 (Stat. Ann. § 27.3160).

Further, under 3 Comp. Laws 1929, § 15961 (Stat. Ann. § 27.3161), a condition precedent to right of appeal from allowance of a claim against an estate is that an objection shall have been made to the allowance of the claim before the commissioners filed their report. *In re Estate of Leland,* 277 Mich. 19. But plaintiff herein was wrongfully deprived of an opportunity to object to appellant's claim because plaintiff had no notice nor knowledge of its presentation or allowance. We have said:

"In cases of fraud or breach of trust, equity will retain jurisdiction even though a court of law might take cognizance of the matters." *McKinney* v. *Curtiss,* 60 Mich. 611, 620.

Fraud. Appellant urges that since there was full compliance with every express statutory requirement in the revival of the commission on claims, and in the hearing and allowance of appellant's claim, there was no fraud. This contention is not sound. Instead, in passing upon the question of fraud, the actual facts in the particular case must be considered. In the instant case the creditors of the insolvent estate were the parties, and the only parties, whose interests were opposed to appellant's. Appellant and his brother Wirt, who was a witness in support of appellant's claim, were coexecutors of the insolvent estate. As such they sustained a trust relation to the creditors. Reasonable fairness required that a disinterested party should have been substituted for the coexecutors.

"One occupying a position of trust and confidence may not place himself in a situation in which his interest may conflict with his duty." *Parks* v. *Brooks* (syllabus), *supra.*

In view of their trust relation to the creditors, it was a fraud in law, at least, for the coexecutors,

without notice or opportunity to plaintiff and other creditors of the estate to appear and protect their rights, to obtain the allowance of appellant's claim against the estate. By so doing appellant effectively deprived the creditors of their day in court.

Res Judicata. Appellant admits in his answer that his claim against the estate of his father "was for the same services and materials which he claimed to have furnished as consideration for the said deed in his defense of the suit to set aside the said deed." Clearly in the suit to cancel the deed it was held that the father did not become obligated to pay his son for the alleged services and materials, and for that reason the deed was without consideration. If at that time the father was not obligated for these items, his estate was not chargeable with them when appellant's claim was allowed. The former judicial determination of these items adverse to appellant was *res judicata.*

The decree entered in the circuit court in chancery is affirmed; and the case remanded to the circuit court for certification to the probate court. Costs to appellee.

Butzel, C. J., and Wiest, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. Bushnell, J., did not sit.