## KOTCHER v. TEMROWSKI.

1. VENDOR AND PURCHASER—AMBIGUITY—QUESTION FOR JURY.

Preliminary agreement for sale of home in consideration for two vacant lots, the assumption of a $14,000 mortgage, $1,000 earnest money and $2,500 upon delivery of warranty deed subject to mortgage and containing provision that in case vendors failed to complete a contemplated refinancing plan, lots were to be forfeited *held*, not ambiguous, hence question of construction was not for jury.

2. SAME—ASSUMPTION OF MORTGAGE—CONTRACTS—REDEMPTION.
    Claim that because plaintiffs were financially able to pay mort-
    gage which had been foreclosed and period of redemption
    about expired at time agreement was made they should have.
    done so and obtained the property *held,* untenable in action to
    recover earnest money where preliminary agreement to pur-
    chase property by way of cash down payment and assumption
    of mortgage in a stated amount did not provide for redemp-
    tion of then-existing mortgage.

3. SAME—EARNEST MONEY—RECOVERY IN ASSUMPSIT—TITLE.
    Earnest money paid on purchase price of land may be recovered
    in action of assumpsit where vendors had lost title.

Appeal from Wayne; Moll (Lester S.), J. Sub-
mitted October 12, 1937. (Docket No. 87, Calendar
No. 39,663.) Decided November 10, 1937.

Assumpsit by Edwin H. Kotcher and wife against
Leo A. Temrowski and Lillian Temrowski to recover
sums paid under an agreement to purchase real
property. Set-off and recoupment claimed by de-
fendants. From directed verdict and judgment for
plaintiffs against defendant Lillian Temrowski, she
appeals. Affirmed.

*Donald F. Pascoe,* for plaintiffs.

*Riseman, Lemke & Piotrowski,* for defendants.

WIEST, J. Plaintiffs paid defendant Lillian Tem-
rowski, owner, $1,000, earnest money, under contem-
plated purchase of certain premises and, upon her
inability to convey, brought this suit in assumpsit
and had judgment for recovery of the money.

Mr. Temrowski was made a defendant but had no
interest in the property and no judgment was en-
tered against him. Therefore, we speak of Mrs.
Temrowski as defendant.

A mortgage upon the premises had been foreclosed and the period of redemption was about to expire when plaintiffs and defendant entered into an agreement, the material part of which was as follows:

"We (plaintiffs herein) agree to purchase, premises described as No. 1350 Three Mile Drive, Grosse Pointe Park, Mich., under following conditions:

"Price—$17,500, consisting of $3,500, cash and assumption of $14,000 mortgage, plus vacant lots known as No. 976–978 of East Detroit Development Sub., Detroit, Mich.,—located on Buckingham Road, north of Outer Drive.

"Terms—$1,000 deposit paid on this date,— $2,500 upon delivery of warranty deed, subject to mortgage in the amount of $14,000 which purchasers agree to assume to pay. Deed to above lots to be delivered to seller of Three Mile Drive property above mentioned.

"In case sellers do not complete the HOLC loan, they will forfeit the above described lots."

This was signed by plaintiffs and Mr. and Mrs. Temrowski on the 31st day of August, 1935. The agreement was not drawn by an attorney but by a real estate broker.

The equity of redemption from the mortgage foreclosure was to expire September 21, 1935. Defendant planned to give a mortgage for $14,000 to the Home Owners' Loan Corporation, turn the avails over, together with some cash payments in redemption of the foreclosed mortgage, and had such an understanding with the mortgagee and that such might be done within a reasonable time after expiration of the period of redemption. Defendant applied to the HOLC for a loan of $14,000, and that application was pending at the time the agreement

to sell to plaintiffs was made. The loan, however, was not obtained and defendant was unable to perform the sales agreement but did not return the money she had received from plaintiffs.

The trial judge directed the jury to render a verdict for plaintiffs against Mrs. Temrowski for $1,000.

Upon appeal it is contended that the mentioned agreement is ambiguous, and the court was in error in not leaving construction thereof to the jury.

The agreement is inartistic, but the meaning is apparent and presented, along with undisputed facts, a question of law for the court.

Plaintiffs were financially able to pay the foreclosed mortgage and defendant urges that they should have done so and obtained the property. Such, however, was not the agreement and the circuit judge held that the court could not make and enforce a contract to such effect.

Before commencement of this action plaintiffs filed a bill for specific performance, but that case was discontinued because defendant had lost all title under the mortgage foreclosure.

Judgment is affirmed, with costs to plaintiffs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.