SODERBERG v DETROIT BANK & TRUST COMPANY

Docket No. 59023. Submitted July 13, 1982, at Detroit.—Decided June 21, 1983. Leave to appeal applied for.

Ralph B. Soderberg and Lawrence V. Kimbrell brought separate suits against the Detroit Bank & Trust Company, Detroit Safe Deposit Company, Detroitbank Corporation, Diebold, Incorporated, and Erwin L. Broecker in Wayne Circuit Court, when water flooded safe deposit boxes in a vault at a branch of the D B & T Company and damaged two expensive stamp collections. The cases were consolidated by the circuit court. The claims against Diebold and Broecker were dismissed. Lawrence Kimbrell subsequently died and Ellen S. Kimbrell, executrix of his estate, continued the action. The court, William Leo Cahalan, J., granted partial summary judgment for the plaintiffs against D B & T and Detroitbank Corporation on the basis of express warranty but also granted partial summary judgment to the three defendants in limiting liability of each defendant to $10,000. The plaintiffs appealed and the defendants cross-appealed. *Held:*

1. The trial court erred in granting partial summary judgment for the defendants based on an affidavit of defense counsel attesting that the contents of the motion were "true to his knowledge and belief". Defendants D B & T and Detroit Safe Deposit Company's alleged affirmative defenses contained in the banking code were waived by those defendants' failure to assert them timely. The trial court erred in granting partial summary judgment for the defendants by limiting liability to $10,000 on the basis of the leases signed by Mr. Soderberg and Mr. Kimbrell for use of the safe deposit boxes. There was a genuine issue of material fact concerning both the meaning of the terms of the leases and whether the plaintiffs signed the leases or documents that they believed were receipts and not

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 18.
[2] 61A Am Jur 2d, Pleading § 152.
[3, 4] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[5] 17 Am Jur 2d, Contracts § 241.
  75 Am Jur 2d, Trial § 408.

leases. Such questions should be determined by a trier of fact. The trial court erred in granting summary judgment in favor of defendants D B & T Company and Detroitbank Corporation because there were insufficient facts presented to determine if those two parent corporations were parties to the alleged lease agreements.

2. The trial court did not err in granting summary judgment for the plaintiffs on the warranty claims. Deposition testimony indicated without contradiction that the safe deposit boxes were flooded and that as a result of the flood plaintiffs' valuable stamp collections were damaged.

3. The trial court did not err in finding that the liability clauses in the purported leases limited liability to $10,000. If the factfinder determines on remand that the documents signed by Soderberg and Kimbrell were leases and that the leases were valid then the liability of the parties to those leases should be limited to $10,000 each.

Affirmed in part, reversed in part and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — AFFIDAVITS.
   An affidavit in support of a motion for summary judgment signed by a party's counsel attesting that the contents of the motion are true to his knowledge and belief is insufficient and a trial court's grant of summary judgment on the basis of such an improper affidavit constitutes error.

2. PLEADING — AFFIRMATIVE DEFENSES — WAIVER — COURT RULES.
   Affirmative defenses which are not asserted in the pleadings are waived (GCR 1963, 111.3).

3. JUDGMENTS — SUMMARY JUDGMENT — GENUINE ISSUE OF MATE-
   RIAL FACT — COURT RULES.
   A motion for summary judgment on the basis that there exists no genuine issue of material fact should not be granted where there is an issue of material fact; such a motion is designed to test whether there is factual support for a claim and the test for granting such a motion is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave an issue open upon which reasonable minds might differ (GCR 1963, 117.2[3]).

4. JUDGMENTS — SUMMARY JUDGMENT — GENUINE ISSUE OF MATE-
   RIAL FACT — COURT RULES.
   Courts are liberal in finding a genuine issue when considering a party's motion for summary judgment based on no genuine issue of material fact and a trial court must carefully avoid

substituting a trial by affidavit and deposition for a trial by jury; a court is not allowed to make findings of fact or weigh the credibility of affiants or deponents (GCR 1963, 117.2[3]).

5. CONTRACTS — JUDICIAL CONSTRUCTION — WARRANTIES.

The construction of unambiguous language in a contract is a question of law for the trial court, not the jury, and an unambiguous written statement may properly be determined to be a warranty by a trial court.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Thomas L. Munson* and *Dennis M. Haffey*), for plaintiffs.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Jon Feikens*), for defendants.

Before: T. M. BURNS, P.J., and BEASLEY and C. W. SIMON,* JJ.

C. W. SIMON, J. The parties appeal and cross-appeal by right from an order dated June 12, 1981, granting the plaintiffs' motion for summary judgment but limiting liability of each defendant to $10,000.

Plaintiffs Ralph B. Soderberg and Lawrence V. Kimbrell filed separate actions in the Wayne County Circuit Court against several defendants for damages to valuable stamp collections, allegedly caused by a flood in the basement of defendant Detroit Bank and Trust Company's Mack-Hillcrest Branch Bank. Plaintiffs' original complaint alleged strict liability, implied warranty of merchantability, express warranty, implied warranty of fitness for a particular purpose, negligence, bailment and misrepresentation. Lawrence

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Kimbrell subsequently died and Ellen S. Kimbrell, executrix of his estate, continued the action. Two defendants were earlier dismissed from this action.

Defendants Detroit Bank and Trust Company and Detroit Safe Deposit Company have argued that leases purportedly signed by both Soderberg and Lawrence Kimbrell limit their liability to $10,000 for damages caused by the flooding. Detroit Bank and Trust Company and Detroit Safe Deposit Company also rely on two statutes, MCL 487.488; MSA 23.710(188) and MCL 487.586; MSA 23.710(286),[1] in defense of plaintiffs' claims.

Plaintiffs first argue that the trial court erred in granting partial summary judgment to defendants Detroit Bank and Trust Company and Detroit Safe Deposit Company, GCR 1963, 117.2(3), because the affidavit filed in support of the defendants' summary judgment motion was defective. It is also argued that defendants' affirmative defense based on the liability limitations contained in §§ 188 and

[1] MCL 487.488; MSA 23.710(188) provides in part:

"(1) Any bank may operate a safe deposit and storage department or invest an amount not exceeding in the aggregate 15% of its unimpaired capital stock and surplus in the stock of not more than 1 safe and collateral deposit company organized under the laws of this state.

"(2) If a bank operates a safe deposit and storage department, the legal liability of the bank on account of any loss to a customer shall not exceed the sum of $10,000.00 for any 1 box or compartment, including all property accepted for storage outside of the box or compartment. The bank may contract with the renter to have the renter assume all risks arising from the use of the box, compartment or storage."

MCL 487.586; MSA 23.710(286) provides in part:

"(1) Any corporation organized under this chapter may operate a safe deposit and storage business and provide vaults and premises for the same.

"(2) The legal liability of the corporation on account of any loss to a customer shall not exceed the sum of $10,000.00 for any 1 box or compartment, including all property accepted for storage outside of the box or compartment. The corporation may contract with the renter to have the renter assume all risks arising from the use of such box, compartment or storage."

478 126 Mich App 474 [June

286 of the banking code of 1969 came too late. We agree.

The affidavit in support of the defendants' motion for summary judgment is signed by defense counsel, attesting that the contents of the motion were "true to his knowledge and belief". Such an affidavit is legally insufficient under Michigan law. *Durant v Stahlin,* 375 Mich 628, 639; 135 NW2d 392 (1965). It was error to grant summary judgment on an improper affidavit. The affiant-attorney could not have had knowledge of the key fact issue concerning the "leases", *i.e.,* whether they were ever signed by plaintiffs and, if so, whether they were signed with knowledge that the "leases" were anything more than receipts, as argued by the plaintiffs.

Moreover, we find that the statutory affirmative defenses, the limitations of liability contained in §§ 188 and 286 of the banking code, were waived by defendants Detroit Bank and Trust Company and Detroit Safe Deposit Company's failure to assert them timely. GCR 1963, 111.2, 111.3. Those defendants first set forth the liability limitations contained in the statutes as a defense more than one year after the plaintiffs' original first amended complaint was filed and more than three years after the original complaints were filed in January, 1977. This is an untimely claim of an affirmative defense. Summary judgment on the basis of these statutes was improper. Failure to timely plead the statutory defense constituted a waiver. *Cheboygan County Road Comm v Auto-Owners Ins Co,* 87 Mich App 681, 685; 277 NW2d 176 (1978), *lv den* 406 Mich 909 (1979).

We also find that there exists a genuine issue of material fact concerning the validity of the leases purportedly signed by Mr. Soderberg and Mr.

Kimbrell. A motion for summary judgment under GCR 1963, 117.2(3) should not be granted where there is an issue of material fact. The motion is designed to test whether there is factual support for a claim. The test for granting summary judgment is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave an issue open upon which reasonable minds might differ. Courts are liberal in finding a genuine issue. *Rizzo v Kretschmer,* 389 Mich 363, 373; 207 NW2d 316 (1973). The trial court must carefully avoid substituting a trial by affidavit and deposition for a trial by jury. Moreover, the court is not allowed to make findings of fact or to weigh the credibility of affiants or deponents. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965).

We find that there is a genuine issue of material fact concerning both the meaning of the terms of the leases and whether Mr. Soderberg and Mr. Kimbrell signed the leases or documents that they believed were receipts and not leases. We conclude that, because a genuine issue of material fact surrounding the alleged leases exists, summary judgment was erroneously entered limiting liability, if any, to $10,000 on the basis of the lease agreements.

Plaintiffs also argued that, even if the leases were valid, they were ambiguous and so cannot be construed to limit liability to $10,000. The lease language, plaintiffs contend, cannot be fairly read to limit defendants' liability for their negligence, and certainly not for their gross negligence.[2] Plain-

---

[2] The pertinent lease provisions read:

"8. Lessor will have no knowledge of the contents of said Safe Deposit Box, unless and until it opens the door of the compartment containing the Safe Deposit Box as herein authorized in paragraph 16, or by operation of law. Lessor, not knowing the contents of the box, does not insure them against loss or damage.

tiffs argue that paragraph eight of the leases disclaims strict liability for loss and requires a showing of negligence. Paragraph 19, plaintiffs argue, limits liability only for unauthorized access and not for loss by fire or flood. Given the benefit of every reasonable doubt to the party opposing a motion for summary judgment, *Rizzo, supra,* the lease language does not admit of the sole interpretation that liability for flood damage was limited to the amount of $10,000. The limitation on damages in paragraph 19 follows language concerning unauthorized access to the safe deposit boxes. One reasonable construction *could* limit its application to those circumstances. We conclude that it was error to grant summary judgment to defendant Detroit Safe Deposit Corporation limiting damages to $10,000 on the basis of the written lease.

Moreover, given the deposition testimony of wit nesses Gwisdala, Chartrand, Caggins, Plassey and Dingle, it appears to us that plaintiffs had adduced sufficient evidence to withstand a motion for summary judgment as to their claim of gross negligence, at least as that claim applies to defendant Detroit Safe Deposit Company.

Finally, plaintiffs argue that defendants Detroit Bank and Trust Company and Detroitbank Corporation were not parties to the lease and thus may not claim the benefit of the liability limitation, assuming that it was valid. From the record before us, we find that insufficient facts are presented to determine if the two parent corporations are par-

"19. Lessor shall be liable only for failure to use ordinary care in ascertaining that persons who apply for access to said Safe Deposit Box are authorized properly as herein provided, and unauthorized access shall not be inferred from proof merely of partial or total loss of the contents of the box. Lessor shall not be liable for the act or admission of any person not in its employ. The liability of Lessor in no event shall exceed Ten Thousand Dollars ($10,000) on account of any loss or damage suffered by Lessee."

ties to the alleged lease agreement. Further factual development is necessary.

Concerning the defense claim that the trial court improperly granted summary judgment in plaintiffs' favor on their claim of breach of warranty, we find that the trial court ruled properly. Defendants admit that the language at issue did appear in an advertising brochure published by Detroit Bank and Trust Company and made available to the plaintiffs by Detroit Safe Deposit Company. The advertisement reads: "With a safe deposit box you not only guard against lapses in memory so common in times of crises, but you provide night and day protection for your valuables against theft, burning, misplacement and *all other hazards.*" Plaintiffs also say, and our review indicates, that the brochure lists "stamps (rare)" as a "good item to protect".

We do not agree with defendants that a warranty claim may never be decided as a matter of law. The fact of the warranty is clear in the writing. It is likewise clear from the deposition testimony of witnesses Gibson, Tice, Spohn, Wilson, Chartrand and Caggins that water flooded the basement of the branch bank. We also find it undisputed that plaintiffs' valuable stamp collections were damaged by the flood.

We find little Michigan authority for the proposition advanced by the plaintiffs, *i.e.,* that a trial judge may properly grant summary judgment on plaintiffs' warranty claim. Yet, warranty is a contractual matter. *F M Sibley Lumber Co v Schultz,* 297 Mich 206, 216; 297 NW 243 (1941). Moreover, construction of unambiguous contract language is a question of law for the trial court, not the jury. *Kotcher v Temrowski,* 282 Mich 44, 47; 275 NW 760 (1937); *S C Gray, Inc v Ford Motor Co,* 92 Mich

App 789, 816; 286 NW2d 34 (1980). We conclude that an unambiguous written statement may be determined by the trial court to be a warranty.

Inasmuch as deposition testimony indicates without contradiction that the safe deposit boxes were flooded and that as a result of the flood plaintiffs' valuable stamp collections were damaged, there was no material issue of fact for a jury to determine. Summary judgment for the plaintiffs was thus proper.

We agree with the trial court concerning the limitation of liability contained in the purported leases. If the factfinder determines that the documents signed by the plaintiffs were leases and that the leases are valid, then the liability of the parties to those leases, also a question of fact, is limited to $10,000 each.

In conclusion, summary judgment for all three defendants was improper based on lack of a proper affidavit in support of the summary judgment motion. Moreover, to the extent that summary judgment was granted on the basis that §§ 188 and 286 of the banking code controlled, we find that the decision of the trial court was erroneous. Limitations of liability were asserted too late to be timely. Summary judgment should not have been granted in favor of defendant Detroit Safe Deposit Company. Material questions of fact remain concerning the signing of the purported leases. Summary judgment in favor of defendants Detroit Bank and Trust Company and Detroitbank Corporation was likewise improper. Further factual development is required.

Affirmed in part, reversed in part and remanded.