MICHIGAN BELL TELEPHONE COMPANY v PUBLIC SERVICE
COMMISSION

Docket No. 165102. Submitted June 22, 1995, at Lansing. Decided
October 13, 1995, at 9:00 A.M.

Michigan Bell Telephone Company and City Signal, Inc., bid for
construction of a fiber-optic network for two-way interactive
video communications for classrooms in the Kent Intermediate
School District. The Kent County Board of Education awarded
the contract to Michigan Bell because City Signal's bid did not
meet two of the specifications. City Signal filed a complaint
with the Public Service Commission, alleging that Michigan
Bell's bid did not include long-run incremental costs and all
appropriate related costs as required by the Michigan Telecom-
munications Act, MCL 484.2101 *et seq.*; MSA 22.1469(101) *et
seq.* Following a contested case hearing, a hearing officer ac-
cepted Michigan Bell's contention that City Signal lacked
standing because it failed to show injury in fact since the board
rejected its bid for noncompliance with specifications. However,
the hearing officer also ruled on the merits. The commission
rejected the proposal for decision, finding that City Signal had
standing. The commission concluded that Michigan Bell's bid
violated sections of the act and levied a fine against Michigan
Bell. Michigan Bell appealed.

The Court of Appeals *held:*

City Signal lacked standing to bring the complaint because
the board rejected its bid for failure to comply with the board's
specifications. City Signal did not suffer an injury in fact as a
result of Michigan Bell's alleged failure to follow the act or lose
the contract because of an unfair bid price by its competitor. It
lost the contract because its bid did not meet the board's
specifications.

Reversed.

WORDS AND PHRASES — STANDING.

Standing is a legal term used to denote the existence of a party's

REFERENCES

Am Jur 2d, Parties §§ 30, 31.
See ALR Index under Parties.

interest in the outcome of litigation that will ensure sincere and vigorous advocacy; standing requires a demonstration that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large; that injury generally is considered to require a personal stake in the outcome of the controversy or an injury in fact.

*Michael A. Holmes* and *Craig A. Anderson* (*James A. Ault,* of Counsel), for Michigan Bell Telephone Company.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Don L. Keskey* and *David A. Voges,* Assistant Attorneys General, for the Public Service Commission.

*Butzel Long* (by *William R. Ralls* and *Leland R. Rosier*), for City Signal, Inc.

Amicus Curiae:

*Fraser Trebilcock Davis & Foster, P.C.* (by *David E. S. Marvin* and *Michael S. Ashton*), for Coalition Against Monopoly Abuse.

Before: SAAD, P.J., and TAYLOR and P. J. CONLIN,* JJ.

TAYLOR, J. Michigan Bell Telephone Company appeals as of right a May 21, 1993, opinion and order of the Public Service Commission that fined the utility $398,130 for violation of the Michigan Telecommunications Act, 1991 PA 179, MCL 484.2101 *et seq.*; MSA 22.1469(101) *et seq.* We reverse.

Michigan Bell and City Signal, Inc., bid for construction of a fiber-optic network for two-way interactive video communications for classrooms in the Kent Intermediate School District. The dis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tance learning video network would service seven school sites within the county. It would allow students in one school to take instruction from a teacher in another school without traveling to that teacher's classroom.

Michigan Bell submitted the lowest bid of $669 a month for each site for seven years. City Signal's bid was $749 for the same service. The Kent County Board of Education awarded the contract to Michigan Bell because City Signal's bid did not meet two of the specifications. Its bid did not provide for termination of the fiber-optic lines in the classrooms and it did not include a written agreement to permit interconnections with other service providers in the future.

On October 26, 1992, City Signal filed a complaint with the commission, alleging that Michigan Bell's bid did not include long-run incremental costs as required by § 308(1) of the act, MCL 484.2308(1); MSA 22.1469(308)(1), and did not include all appropriate related costs, in violation of § 307(5) of the act, MCL 484.2307(5); MSA 22.1469(307)(5).

Following a contested hearing, the hearing officer accepted Michigan Bell's contention that City Signal lacked standing to bring the complaint because it failed to show that it suffered an injury in fact since the board rejected its bid for noncompliance with specifications. Nevertheless, the hearing officer ruled on the merits. In particular, the hearing officer accepted Michigan Bell's definition of long-run incremental costs that excluded an allocation of the fixed shared and common costs.

The commission rejected the proposal for decision. It concluded that City Signal met the second prong of the traditional test for standing in public utility matters, namely, that the interests allegedly endangered were within the interests to be

protected or regulated by the statute in question. *Drake v Detroit Edison Co,* 453 F Supp 1123, 1127 (WD Mich, 1978). Further, the commission held that the first prong of that test, injury in fact, was unnecessary because "discretionary standing" was appropriate to advance the public interest. The commission pointed out that only competitors have sufficient knowledge to file complaints alleging violations of the act and that allowing them to do so will "serve the dual purpose of helping to ensure that the providers of telecommunications services compete on a level playing field and reducing the likelihood that cross-subsidization and other anti-competitive activities will go unnoticed." In addition, the commission defined long-run incremental costs to include the capital costs of any facility used to provide service to the school district.

Recognizing that the existing definition of long-run incremental costs might not be satisfactory under the act, the commission called for a "generic proceeding to determine what standard should be applied in the future."

The commission concluded that Michigan Bell violated both § 307(5) and § 308(1) of the act because its bid did not include the capital cost of two interoffice fiber-optic cables that had to be installed for the project and the cost of certain high-powered laser transmission equipment that was needed to operate the system.

After that decision, the commission conducted a generic hearing (Case No. U-10620) and developed a method of determining long-run incremental costs, including adoption of nine specific cost principles.

In this appeal, Michigan Bell challenges the commission's decision on a number of grounds, but one is controlling. We agree with the utility that

City Signal lacked standing to bring the complaint because the board rejected its bid for failure to comply with the board's specifications. City Signal did not suffer an injury in fact as a result of Michigan Bell's alleged failure to follow the act.

In *House Speaker v State Administrative Bd,* 441 Mich 547, 554; 495 NW2d 539 (1993), the Court pointed out that "[s]tanding is a legal term used to denote the existence of a party's interest in the outcome of litigation that will ensure sincere and vigorous advocacy." But, that element alone does not establish standing. "Standing requires a demonstration that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large." *Id.* That injury is generally considered to require a personal stake in the outcome of the controversy or an injury in fact. *Altman v Nelson,* 197 Mich App 467, 475; 495 NW2d 826 (1992); *Rogan v Morton,* 167 Mich App 483, 486; 423 NW2d 237 (1988). City Signal was not injured in fact; it did not lose the contract because of an unfair bid price by its competitor, but because its bid did not meet the board's specifications.

It is true that we used a liberal definition of standing in *Telephone Ass'n of Michigan v Public Service Comm,* 210 Mich App 662, 668; 534 NW2d 223 (1995), and *In re Filing Requirements,* 210 Mich App 681, 692; 534 NW2d 234 (1995). However, those cases were unique. They did not arise out of a contested case, but out of an administrative hearing in which interested parties were invited to comment on the commission's proposed uniform filing standards for applications and complaints under the act. That proceeding did not involve complaints, allegations of wrongdoing, or the imposition of fines and other disciplines. It was appropriate to allow interested parties to appeal

under a liberal application of "standing" in order to obtain review of the procedures the commission adopted. By contrast, the proceeding in this case was an enforcement action that alleged violations of the act and involved fines and a cease and desist order against the utility. Hence, the complainant must meet a strict standard of standing, including an injury in fact.

The commission's decision is reversed, without prejudice to the commission's investigating the utility's bidding practices on its own motion pursuant to § 203(1) of the act, MCL 484.2203(1); MSA 22.1469(203)(1). The commission's new definition of long-run incremental cost undoubtedly will apply in such a proceeding.

Reversed. Costs are not allowed because the appeal involves a question of significance to the public.