MICHIGAN NATIONAL BANK v ST PAUL FIRE & MARINE INSURANCE COMPANY

Docket No. 190446. Submitted March 4, 1997, at Detroit. Decided April 15, 1997, at 9:20 A.M.

Michigan National Bank brought an action in the Oakland Circuit Court against St. Paul Fire & Marine Insurance Company, seeking a declaration that the plaintiff is entitled to recover $173,323 from the defendant under a policy insuring the plaintiff against liability for loss of customers' property in safe-deposit boxes. The plaintiff paid that amount to a customer whose safe-deposit box lease agreement had limited the plaintiff's liability to $10,000. The court, Alice L. Gilbert, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals held:

1. The trial court erred in ruling that the parties lacked standing to litigate the validity of the plaintiff's contractual limitation of liability. The defendant, in attempting to limit its liability under the insurance policy, has a legally protected interest that is adversely affected in a manner different from the citizenry at large.

2. The trial court erred in ruling that the issue of the enforceability of the plaintiff's contractual limitation of liability was moot in light of the plaintiff's payment to the customer. Such payment does not render it impossible to grant relief with regard to the question of the actual amount the plaintiff is legally obligated to pay the customer.

3. The defendant's obligation to the plaintiff under the insurance policy is $10,000. The plaintiff's contractual limitation of liability is not against Michigan public policy. No evidence supports the plaintiff's claim that, with respect to the customer, it is equitably estopped from asserting the contractual limitation of liability. The plaintiff is not equitably estopped from denying that MCL 487.488; MSA 23.710(188), which limits the liability of banks for safe-deposit box losses to $10,000 a box, applies to this case in the absence of a claim that the plaintiff had asserted that the statute applied and that the defendant had justifiably relied on that assertion.

Reversed and remanded for entry of judgment for the defendant.

*Gary J. Galopin,* for the plaintiff.

*Schier, Deneweth & Parfitt, P.C.* (by *Chris Parfitt*), for the defendant.

Before: DOCTOROFF, P.J., and MICHAEL J. KELLY and YOUNG, JJ.

PER CURIAM. In this action for declaratory relief, defendant appeals as of right the order granting summary disposition to plaintiff. We reverse and remand.

Plaintiff, Michigan National Bank (MNB) initiated this action to determine the amount it was entitled to recover from defendant, St. Paul Fire & Marine Insurance Company, which had issued MNB a safe-deposit insurance policy. The policy stated that St. Paul would pay "all sums which [MNB] became legally obligated to pay by reason of liability for loss of customers' property" in safe-deposit boxes. The controversy arose when, in March of 1994, MNB discovered that the safe-deposit box leased to Carolyn Lemon had been lost or destroyed during a branch relocation. Finding the amount reasonable, MNB paid Lemon's full $173,323 claim of loss. St. Paul refused to reimburse MNB for the full amount, claiming, first, that the safe-deposit lease agreement entered into by Lemon limited MNB's liability to $10,000 and, second, that MCL 487.488; MSA 23.710(188) limited any bank's liability for safe-deposit loss to $10,000. The parties agreed that MNB would initiate this declaratory action to determine their respective rights and responsibilities. Following cross motions for summary disposition, the trial court granted summary disposition to plaintiff on the basis that the $10,000 statutory limitation in MCL 487.488; MSA 23.710(188) did not apply to national banks such as MNB. Further, the court found that the

parties lacked standing to litigate the issue of the enforceability of MNB's contractual limitation and that the issue was moot.

First, we find that the trial court erred in failing to address the merits of the enforceability of the $10,000 contractual limit for safe-deposit losses contained in the contract between MNB and Lemon. In order for a party to have standing to litigate an issue, it must possess a legally protected interest that is in jeopardy of being adversely affected. *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992). The party's interest must be adversely affected in a manner different from the citizenry at large. *Michigan Bell Telephone Co v Public Service Comm*, 214 Mich App 1, 3; 542 NW2d 279 (1995). The issue of the enforceability of the $10,000 limit contained in the contract between MNB and Lemon was raised by St. Paul as an affirmative defense. St. Paul's interest in limiting its own liability pursuant to its insurance contract is a legally protected interest. The issue of the amount MNB was "legally obligated" to pay Lemon under their contract is central to St. Paul's liability under its contract with MNB; therefore, we find the parties had standing to litigate the issue.

The trial court was also mistaken in concluding that the issue of the enforceability of the contractual limit was moot. An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief. *In re Forfeiture of $53*, 178 Mich App 480, 485; 444 NW2d 182 (1989). In the instant case, MNB's $173,000 payment to Lemon did not make it impossible for the trial court to grant relief with regard to the question of the actual amount MNB had been *legally obligated*

to pay her. Because St. Paul's liability under the insurance contract was specifically limited to MNB's legal obligation to its customer, rather than defined by the actual amount paid by MNB to its customer, the enforceability of the $10,000 limitation was a critical issue and was not moot. The trial court's failure to review this issue on mootness grounds was error.

Turning to the merits of the issue, we find that St. Paul's obligation under the insurance contract is $10,000, because MNB's legal obligation to Lemon, pursuant to the safe-deposit lease, was $10,000. We find no merit in MNB's argument that its contractual limit on safe-deposit losses is against public policy. It is not against Michigan public policy for a party to contract against liability for damages caused by its own ordinary negligence. *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616, 617-618; 513 NW2d 428 (1994). While MNB cites authority suggesting that banks have a greater responsibility to notify customers of exculpatory clauses because of their disparate bargaining power,[1] we note that in this case the bank was not acting in the capacity of a depository of funds, but rather as a commercial bailee of personal property. Further, the clause at issue in this case does not purport to exempt MNB from any liability for loss, but rather to limit that liability to $10,000. This Court has previously endorsed the validity of a similar clause in a safe-deposit lease. *Soderburg v Detroit Bank & Trust Co*, 126 Mich App 474, 482; 337 NW2d 364 (1983). We cannot, therefore, state that such a clause is against public policy.

---

[1] See *Benge v Michigan Nat'l Bank*, 341 Mich 441; 67 NW2d 721 (1954), and *Ackenhausen v People's Savings Bank*, 110 Mich 175; 68 NW 118 (1896).

We also find no merit in MNB's argument that St. Paul should, nonetheless, be liable for the entire amount on the grounds that Lemon could have asserted equitable estoppel to invalidate the $10,000 contractual limit. The evidence presented by MNB pursuant to this argument failed to suggest that MNB employees made representations to Lemon regarding the limits of the bank's liability or that the bank would reimburse her for the full amount of loss. See *Guise v Robinson*, 219 Mich App 139, 144; 555 NW2d 887 (1996).

Finally, the trial court did not err in failing to apply the doctrine of equitable estoppel to enforce MCL 487.488; MSA 23.710(188) against MNB. That statute limits legal liability of banks for safe-deposit loss to $10,000 a box. While St. Paul concedes that the statute is not applicable to national banks such as MNB, MCL 487.305; MSA 23.170(5), it argues that because MNB had, in the past, authorized St. Paul to invoke the statute to its benefit, it should be estopped from denying the applicability of the section in the instant case. We disagree.

The elements of estoppel are: (1) a party, by representations, admissions, or silence, intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party will be prejudiced if the first party is allowed to deny the existence of those facts. *Guise, supra,* 219 Mich App 144. Under the instant facts, there is no basis for estoppel. First, MNB did not make any representation that induced St. Paul to believe that the statute was applicable. Rather, St. Paul represented to MNB that the statute was applicable in its November 17, 1994, letter. It would be illog-

ical for this Court to conclude that MNB had induced St. Paul to believe that the statute was applicable by simply concurring with this affirmative statement by St. Paul. Second, the element of reliance on a representation requires that the reliance was justifiable. *Soltis v First of America Bank-Muskegon*, 203 Mich App 435, 444; 513 NW2d 148 (1994). We find that it was not justifiable for St. Paul to rely upon any representation by MNB that the statute was applicable to it, let alone MNB's mere concurrence with St. Paul's own statement. A simple reading of the statute upon which St. Paul relied in making its statement would have eliminated any confusion. The elements of estoppel are clearly not present in this case.

We reverse and remand to the trial court for entry of judgment in favor of defendant, St. Paul. We do not retain jurisdiction.