# STATE OF MICHIGAN

# COURT OF APPEALS

LLANOS E. VENEGAR and FRANCES
VENEGAR,

Plaintiffs-Appellants,

UNPUBLISHED
January 26, 2017

v

No. 330565
Kent Circuit Court
LC No. 15-006600-CH

FIFTH THIRD MORTGAGE COMPANY,

Defendant-Appellee.

Before: MURPHY, P.J., and METER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendant and denying plaintiffs' motion for leave to amend their complaint. This matter arises out of defendant's foreclosure on plaintiffs' mortgage and subsequent sheriff's sale of plaintiffs' house. At the very end of the redemption period, plaintiffs commenced the instant action, along with a request for an injunction, seeking to prevent their eviction. We affirm.

Defendant's motion for summary disposition asserted MCR 2.116(C)(8) and (10). A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, all evidence submitted by the parties must be evaluated in the light most favorable to the non-moving party, and summary disposition is proper only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. The trial court did not state which subrule was the basis for its grant of summary disposition, but because it clearly considered more than just the pleadings, summary disposition was presumably not granted pursuant to MCR 2.116(C)(8). See *Id*. at 119-120. A party responding to a motion under MCR 2.116(C)(10) must establish more than a mere possibility that a claim could be supported at trial. *Id*. at 121.

Plaintiffs initially asserted a variety of causes of action, but they are all premised on two underlying factual allegations: that defendant had failed to post proper conspicuous notice of the impending sheriff's sale pursuant to MCL 600.3208, and that defendant had in some way induced plaintiffs to believe that the loan would be modified and the sheriff's sale postponed during that process. In support of the former, plaintiffs presented an unsigned and un-notarized

-1-

affidavit purportedly from plaintiff Llanos Venegar literally stating nothing more than boilerplate preliminaries and that he had read the pleadings and that they were true to the best of his knowledge. Defendant presented a properly signed and notarized affidavit from the process server and a photograph of plaintiffs' house with what appears to be a notice affixed to the front door. The trial court found plaintiffs' affidavit "unavailing" and that plaintiffs' proposed amended complaint would not add any new relevant factual allegations, so it granted summary disposition. Plaintiffs have presented no argument on appeal regarding their second factual allegation, so it is abandoned. See *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012).[1]

Plaintiffs purchased their house in 2009 and mortgaged it in favor of defendant. Plaintiffs did not expressly admit as such, but apparently plaintiffs fell behind in their mortgage payments for several years. It is undisputed that a sheriff's sale was held on January 21, 2015. A redemption amount was established, and although again not expressly stated, plaintiffs apparently did not pay it. Instead, exactly six months to the day after the sheriff's sale, plaintiffs commenced the instant action. Plaintiffs simultaneously filed an ex parte motion for a temporary restraining order that was in most respects identical to the complaint. Both were poorly articulated but nevertheless alleged that defendant had failed to conspicuously post notice of the foreclosure sale on the premises, and that defendant had in some way promised plaintiffs that no foreclosure sale would occur while a loan modification process was undertaken. As noted, in support plaintiffs attached to the motion for TRO an unsigned, undated, un-notarized affidavit that contained no actual facts and only a conclusory statement to the effect that the complaint was true.

Defendant asserted that it had complied with the required notice provisions. It attached a copy of a notice and affidavit stating that it had been published in the Grand Rapids Legal News on December 19 and 26, 2014, and January 2 and 9, 2015. It also attached a copy of a notice and affidavit from Todd L. Rogers that he had posted it conspicuously on plaintiffs' house on December 26, 2014. Defendant subsequently filed another sworn and notarized affidavit from Rogers reiterating his prior affidavit and further stating that he had posted the notice to the front door of the premises and taken a photograph of it at the time. A computer-printed color copy of a photograph, date-stamped 12/26/2014 13:06, of a two-story light-green house with dark-green trim and a document affixed to the front door was attached, although the document itself is illegible. Defendant sought summary disposition.

Plaintiffs responded to defendant's motion for summary disposition by largely reiterating arguments already made, but adding that the affidavits provided by defendant must be perjured, that it was common practice to sign such documents without confirming their accuracy, and

---

[1] Plaintiffs additionally repeat an utterly frivolous argument, which the trial court properly rejected, premised on defendant's alleged failure to provide notice of a right to a financial accommodation meeting pursuant to MCL 600.3204(4) and MCL 600.3205(a)(3), both of which were repealed either in whole or in relevant part by 2012 PA 521, effective June 30, 2013, long before the instant foreclosure occurred.

plaintiff therefore needed the benefit of discovery. Plaintiffs attached another copy of plaintiff Llanos's unsigned, undated, un-notarized affidavit. Plaintiffs also sought to amend their complaint to add "additional Facts and Counts." We have compared plaintiffs' proposed amended complaint to the complaint as originally filed; the proposed amended complaint is slightly more detailed but substantively relies on the same factual allegations and presents the same theories. Plaintiffs argued that because they did not see any posted notice, defendant must not have posted any, and because defendant contended that it had posted notice, there must therefore be a genuine question of fact. Plaintiffs further asserted that "they would have reacted a lot differently" if they had received notice. The trial court recognized that "it's always tricky to prove a negative," but that plaintiffs' contentions were "simply unavailing" and their proposed amendment futile. Plaintiffs attached, for the first time, a signed, dated, and notarized copy of their affidavit to a motion for consideration, which the trial court denied.

As an initial matter, we agree with defendant that plaintiffs' brief is so substantively poor that we could deem this entire appeal inadequately presented to the point of warranting peremptory affirmance with no further consideration. Defendant's description of the brief as only "vaguely rais[ing] several legal arguments" may even be a generous one. Furthermore, it is suspect whether plaintiffs even have standing to challenge the foreclosure sale. This Court has held, in seemingly no uncertain terms, that a party who fails to redeem their property within the statutory time after a sheriff's sale loses "standing" to bring a claim. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713-715; 848 NNW2d 482 (2014). However, it has also been established that although setting aside such a sale is difficult, a sufficiently egregious showing of fraud or irregularity *can* warrant doing so. *Kubicki v MERS*, 292 Mich App 287, 289; 807 NW2d 433 (2011). Furthermore, it is at least theoretically possible for a mortgagor to have the redemption period extended or tolled on the basis of a similar showing. See *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969); *Manufacturers Hanover Mortgage Corp v Snell*, 142 Mich App 548, 553-554; 370 NW2d 401 (1985). We have found no cases decided after *Bryan* allowing a mortgagor to challenge a foreclosure sale after the expiration of the redemption period. However, although plaintiffs' articulation and presentation of their case are extremely poor, they do seek extension of the redemption period and assert that defendant's alleged misconduct deprived them of the ability to launch an earlier challenge. We therefore give plaintiffs the benefit of the doubt and presume, although we do not *decide*, that they do have the requisite standing in this matter and should be afforded substantive consideration.

We note that plaintiffs legally presented *no* evidence in opposition to defendant's motion for summary disposition. First, at the time the trial court decided the motion, the affidavit was unsigned and not notarized, despite plaintiffs apparently being made aware of the deficiency. Such a document is not considered to be an affidavit at all, and the trial court was not even permitted to consider it. See *Rataj v City of Romulus*, 306 Mich 735, 755 n 8; 858 NW2d 116 (2014). However, even presuming the trial court had been permitted to consider it, the affidavit literally stated nothing more than the bald and conclusory averment that the contents of the complaint were true, which is in no way "set[ting] forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). Merely conclusorily stating that the substance of a pleading is true renders an affidavit legally insufficient even if its form was otherwise proper. *Kozak v City of Lincoln Park*, 499 Mich 465, 468, 468 n 6; 885 NW2d 443 (2016); *Durant v Stahlin*, 375 Mich 628, 638-639; 135 NW2d 392 (1965); *Soderberg v Detroit Bank & Trust Co*, 126 Mich App 474, 478; 337 NW2d 364 (1983); *Miller v Rondeau*, 174 Mich App 483, 487; 436

NW2d 393 (1988).  In other words, plaintiffs' affidavit would not have constituted evidence even theoretically capable of showing a genuine question of fact irrespective of its technical sufficiency.

Having resolved to address the merits of this case, extending to plaintiffs the widest possible latitude, at most their argument amounts to claiming that defendant *must* have failed to post notice *because they did not see it*.  Strictly speaking, if true, this is only indirect evidence tending to suggest that no notice was posted, presumably on the grounds that because they live in the house, they would have seen any such notice.  However, defendant provided evidence that plaintiffs could not have been unaware of the impending foreclosure sale or that they were in default of their loan.  Plaintiffs have not even *attempted* to refute that evidence, and their alternate loan-modification argument that they have abandoned on appeal necessarily shows that they *were* aware.  All things considered, plaintiffs' contention is highly suspicious.

Presuming the trial court could accept as "evidence" plaintiffs' assertion that they did not see any notice posted and should have if it had been there to see, the general rule is that "summary disposition is rarely appropriate in cases involving questions of credibility;" but, critically, if the record shows that reasonable minds would nevertheless not be able to differ, summary disposition may be appropriate despite the presence of a credibility-based question of fact.  See *In re Handelsman*, 266 Mich App 433, 438-439; 702 NW2d 641 (2005).  Additionally, plaintiffs' argument that defendant should have submitted an original of the photograph was raised for the first time not merely on appeal, but in their reply brief on appeal.  In any event, their argument that the photograph could have been altered is technically true but entirely speculative, especially at this stage of the proceedings.  We are not persuaded that the trial court was wrong to conclude that plaintiffs had utterly failed to demonstrate even a possibility of establishing at trial that defendant had failed to comply with the notice-posting requirement of MCL 600.3208.

We appreciate that losing one's home is traumatic.  However, the trial court properly, for a number of reasons, found that plaintiffs had failed to present competent evidence or argument to refute defendant's evidence that it had properly posted notice in compliance with the statute.  To the minimal extent plaintiffs have presented anything to this Court at all, nothing even suggests that summary disposition was anything other than appropriate and necessary.

Affirmed.  Defendant, being the prevailing party, may tax costs.  MCR 7.219(A).

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Amy Ronayne Krause