*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN EARL DEAN,

        Plaintiff-Appellee,

v

ELIZABETH KATHRYN DEAN,

        Defendant-Appellant.

UNPUBLISHED
January 10, 2019

No. 345423
Livingston Circuit Court
LC No. 16-051207-DM

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant appeals by right the trial court's August 31, 2018 ex parte order suspending her parenting time with the parties' minor son. Because the order has since been rescinded, we dismiss defendant's appeal as moot.

The parties were married on April 14, 2013, and divorced on February 23, 2017. The judgment awarded the parties joint legal and physical custody of their son, but initially provided that plaintiff would receive the majority of the parenting time, because defendant was at that time residing in a substance abuse treatment facility in California. Defendant later returned to Michigan, and the parties agreed to approximately equal parenting time; the trial court entered an order reflecting that arrangement.

On August 31, 2018, plaintiff filed an emergency ex parte motion to suspend defendant's parenting time, asserting that defendant had been arrested for operating a vehicle while under the influence of alcohol (OWI) following an accident in Bloomfield Township on August 1, 2018. The motion referenced defendant's prior substance abuse history and asserted that the child was not safe in defendant's unsupervised care. The trial court issued an ex parte order on August 31, 2018, suspending defendant's parenting time pending further order of the court and directing that an emergency hearing be held before a Friend of the Court referee on September 18, 2018.

Defendant filed her claim of appeal from this order on September 12, 2018, as well as a motion for immediate consideration. This Court denied the motion, but stated that defendant's appeal would be "given priority for placement on the session calendar pursuant to MCR 7.213(C)(2)."[1]

A hearing before the referee was held as scheduled on September 18, 2018. On October 9, 2018, the trial court issued an interim order adopting the referee's recommendation. The order provided in part:

> Defendant-mother shall not be under the influence of illegal drugs or alcohol while caring for the minor child. If plaintiff-father has an articulable and reasonable suspicion that defendant-mother is in violation of this provision, plaintiff-father may request that defendant-mother undergo an EGT and drug test within 24 hours. Defendant-mother shall comply with the request. Defendant-mother shall sign a release for the attorney, plaintiff-father, and the Court to access the EGT and drug test results. Plaintiff-father may suspend defendant-mother's parenting time if either test is positive. A missed or refused test shall be considered a positive test. Plaintiff-father shall reimburse defendant-mother for the costs of the EGT and drug test if neither are positive, otherwise defendant-mother is liable for the costs.

The order also provided "[i]n all other respects, plaintiff-father's August 31, 2018 Emergency Ex-Parte Motion to Suspend Parenting Time is DENIED." Further, the order expressly stated that "[t]he August 31, 2018 Ex-Parte Order to suspend parenting time is RESCINDED," and also stated that all prior orders not inconsistent with the October 9, 2018 order shall remain in full force and effect.

The record therefore reflects that the order that defendant challenges on appeal has since been rescinded and that defendant's parenting time has been reinstated. Consequently, her challenges to that order are moot. "An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *Mich Nat'l Bank v St Paul Fire & Marine Ins Co*, 223 Mich App 19, 21; 566 NW2d 7 (1997). Defendant's appeal is dismissed. See *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) ("We generally do not address moot questions or declare legal principles that have no practical effect in a case.").

---

[1] *Dean v Dean*, unpublished order of the Court of Appeals, entered September 28, 2018 (Docket No. 345423).

Dismissed as moot.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel