CITY OF WARREN v CITY OF DETROIT

Docket No. 244176. Submitted February 12, 2004, at Detroit. Decided
    March 9, 2004, at 9:20 A.M. Leave to appeal sought.

The city of Warren brought an action in the Macomb Circuit Court
    against the city of Detroit, seeking, under the Freedom of Infor-
    mation Act (FOIA), MCL 15.231 *et seq.*, the formula for the rate that
    the defendant used to calculate water and sewer fees. The defen-
    dant had denied the request on the basis that the formula was
    "software" for which there is an exemption from disclosure under
    MCL 15.232(f). The court, Mark S. Switalski, J., granted summary
    disposition in favor of the plaintiff, ruling that the formula was not
    software and was discoverable under the FOIA. The defendant
    appealed.

The Court of Appeals *held*:

1. The defendant's argument that where a formula is con-
tained in a software program, the formula is inextricable and thus
exempt from FOIA disclosure as a matter of law must be rejected.

2. The formula is "computer-stored information or data" that,
under the act's definition of "software," MCL 15.232(f), is not
exempt from disclosure. The formula was contained on a computer
disk and that portion of the disk was a public record subject to
disclosure.

Affirmed.

*Ruth Carter*, Corporation Counsel, and *Sharon D. Blackmon*, Assistant Corporation Counsel, for the city of Detroit.

Before: BORRELLO, P.J., and WHITE and SMOLENSKI, JJ.

PER CURIAM. Defendant city of Detroit appeals by right from the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(10) and granting plaintiff city of Warren's

motion for summary disposition under MCR 2.116(C)(9) and MCR 2.116(C)(10). This case arose when plaintiff, through the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, sought the formula for the rate defendant used to calculate water and sewer fees. In response, defendant claimed that the formula was "software," for which there is a disclosure exemption under MCL 15.232(f).

The trial court determined that the formula was not software and was thus discoverable through the FOIA. Defendant asserts that the formula is software, relying on the attestations in two virtually identical affidavits. Then, defendant answered plaintiff's FOIA request as ordered, giving up the information it desired to keep secret. Despite the issue's arguable mootness,[1] defendant appeals the order and asks this Court to hold that the trial court erred by determining that the formula was not "software." We decline to reach that conclusion and affirm the trial court's decision.

The FOIA requires public bodies to release certain information at a citizen's request. The act states in relevant part:

---

[1] "An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *Michigan Nat'l Bank v St Paul Fire & Marine Ins Co,* 223 Mich App 19, 21; 566 NW2d 7 (1997), citing *In re Forfeiture of $53,* 178 Mich App 480, 485; 444 NW2d 182 (1989).

We will only review a moot issue if the issue is publicly significant and "is likely to recur, yet also is likely to evade judicial review." *In re Martin,* 237 Mich App 253, 254; 602 NW2d 630 (1999), citing *In re Midland Publishing Co, Inc,* 420 Mich 148, 152 n 2; 362 NW2d 580 (1984), and *In re Parole of Franciosi,* 231 Mich App 607, 615; 586 NW2d 542 (1998). Despite defendant's failure to present argument on the matter, we recognize that the issue presented in this case has public significance and is likely to recur; thus, we will review it.

(1) Except as expressly provided in section 13,[2] upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body. . . .

* * *

(4) This act does not require a public body to make a compilation, summary, or report of information, except as required in section 11.

(5) This act does not require a public body to create a new public record, except as required in section 11, and to the extent required by this act for the furnishing of copies, or edited copies pursuant to section 14(1), of an already existing public record. [MCL 15.233.]

The act sets forth these pertinent definitions:

(e) "Public record" means a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created. Public record does not include computer software. This act separates public records into the following 2 classes:

(i) Those that are exempt from disclosure under section 13.

(ii) All public records that are not exempt from disclosure under section 13 and which are subject to disclosure under this act.

(f) "Software" means a set of statements or instructions that when incorporated in a machine usable medium is capable of causing a machine or device having information processing capabilities to indicate, perform, or achieve a particular function, task, or result. Software does not include computer-stored information or data, or a field

---

[2] MCL 15.243. None of the exceptions is relevant here.

name if disclosure of that field name does not violate a
software license. [MCL 15.232(e), (f).]

Whether a formula used to generate rates is "software" is an issue of first impression in our state. Defendant provides no argument or legal support for its assertion that the formula is software, instead relying on the attestations in two virtually identical affidavits to draw that conclusion. After reviewing the statements made in the affidavits, we conclude that the statements do not support defendant's argument.

The affiants averred the following facts. Defendant sets water and sewer rates annually using an estimate of each customer's projected usage. The projected usage is calculated under a particular formula, which, we can infer, is embedded in the software program used to generate the results. The formula is updated annually, but there is no paper document or computer disk that contains the formula. The results (minus the formula used) are compiled into a "rate notebook," which notebook was provided to plaintiff as the answer to its FOIA request for the formula.

We reject the argument that where a formula is contained in a software program, the formula is inextricable and thus exempt from FOIA disclosure as a matter of law. The plain language of the statute supports our conclusion. This Court's primary concern in construing statutes is to give effect to the intent of the Legislature. *Omelenchuk v City of Warren*, 466 Mich 524, 528; 647 NW2d 493 (2002), citing *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). The construction should be reasonable and should comport with the purpose of the act. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001), citing *Rose Hill Center, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997).

Moreover, where the language of the statute is unambiguous, this Court applies the "ordinary and generally accepted meaning" of the words and forgoes judicial construction. *Tryc, supra* at 135-136, citing *Turner v Auto Club Ins Ass'n,* 448 Mich 22, 27; 528 NW2d 681 (1995). This Court will read "nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002), *(On Remand),* 252 Mich App 664; 653 NW2d 441 (2002) and lv gtd 468 Mich 869 (2003), citing *Omne Financial, Inc v Shacks, Inc,* 460 Mich 305, 311; 596 NW2d 591 (1999). The Legislature is presumed to have intended the meaning it plainly expressed. *Pohutski v City of Allen Park,* 465 Mich 675, 683; 641 NW2d 219 (2002), citing *DiBenedetto v West Shore Hosp,* 461 Mich 394, 402; 605 NW2d 300 (2000). Only when the language is ambiguous should this Court engage in judicial construction or examine legislative history. *Luttrell v Dep't of Corrections,* 421 Mich 93; 365 NW2d 74 (1984).

Regarding the FOIA, this Court has explained:

> As our Supreme Court recently observed in *Kent Co Deputy Sheriff's Ass'n v Kent Co Sheriff,* 463 Mich 353, 359; 616 NW2d 677 (2000), the FOIA is "a broadly written statute designed to open the closed files of government." By mandating the disclosure of information relating to the affairs of government and the official acts of public officials and employees, the FOIA facilitates the public's understanding of the operations and activities of government. [*Detroit Free Press, Inc v Dep't of Consumer & Industry Services,* 246 Mich App 311, 315; 631 NW2d 769 (2001), citing *Kocher v Dep't of Treasury,* 241 Mich App 378, 381; 615 NW2d 767 (2000).]

Moreover, this Court has recognized that the FOIA's exemptions must be narrowly construed and that the

party seeking to invoke the exemption must prove that nondisclosure is in accord with the intent of the Legislature. *Detroit Free Press, supra* at 315, citing *Manning v East Tawas,* 234 Mich App 244, 248; 593 NW2d 649 (1999).

At the hearing on plaintiff's motion for summary disposition, plaintiff reiterated that it was not asking for the actual software program, but only for the formula, or the information used "so that the computer software ultimately produces a rate." In a written opinion, the trial court held that while defendant admitted that the method or formula used was " 'entirely contained' " in its computer software, it failed to show "that its software contain[ed] a 'set of statements or instructions' which would make it exempt from disclosure." The trial court reasoned that "[s]ince defendant's software apparently calculates the water rates for all of defendant's customers, it [was] reasonable to infer [that] *the actual formula* to determine those rates [was] contained in that software." The trial court concluded that the "methodology or formula is actually 'computer-stored information and data' and not 'software' as defined under MCL 15.232(f)."

We agree with the trial court's conclusion, finding it sound on both a technical and a practical level. The formula at issue differs from the "set of statements or instructions" the software developers presumably created for the purpose of using the formula to generate output or results. And differentiating the different elements of software—formula, set of statements or instructions, and data—is called for by the plain language of the statute because the statute defines things that despite possibly being *on* software are not defined

*as* software.[3] The formula itself, inputted into a computer, would not be "capable of causing a machine or device having information processing capabilities to indicate, perform, or achieve a particular function, task, or result." See MCL 15.232(f). Rather, it would fall into the definition's exception of "computer-stored information or data . . . ." MCL 15.232(f). The information—the formula—would be stored in the computer and would then be used during the computing process itself in the same way that entered data would. The set of statements or instructions would tell the computer how to utilize the formula and the data. And as plaintiff pointed out below, defendant readily admitted that it changed the formula annually, although presumably the set of instructions remained the same.

An additional aspect of this case supports our conclusion. Defendant is obligated by statute to set its water rates "based on the actual cost of service as determined under the utility basis of rate-making." MCL 123.141(2). It was precisely that formula plaintiff sought. In light of the purpose of the FOIA—to facilitate the public's understanding of the operations and activities of government—we conclude that the information plaintiff sought was subject to disclosure. Moreover, the burden of proving otherwise was on defendant, and defendant offered no argument—either here or below—to illustrate that withholding the information was "consonant with the purpose of the FOIA," see

---

[3] Again, the statute defines software as

> [a] set of statements or instructions that when incorporated in a machine usable medium is capable of causing a machine or device having information processing capabilities to indicate, perform, or achieve a particular function, task, or result. Software does not include computer-stored information or data, or a field name if disclosure of that field name does not violate a software license. [MCL 15.232(f).]

*Detroit Free Press, supra* at 315, citing *Manning, supra* at 248. Defendant states solely that "the Legislature clearly intended" to exclude software from the definition of a public record, a fact plaintiff did not dispute.

In addition, defendant could have sought to protect the actual software. Defendant was permitted to "separate the exempt and nonexempt material and make [only] the nonexempt material available for examination and copying." MCL 15.244(1).

For these reasons, we conclude that the software program was a set of instructions distinct from the formula used to generate data and that the formula fell into the definition's exception.

Last, defendant argues that even if the formula was not software, defendant was not obligated to provide it because it was "not contained within a 'public record' as required by [FOIA]." Defendant relies on the affidavits it submitted, which both aver that the formula itself was not on a document or a computer disk. We do not agree with defendant's apparent argument that because the formula is contained on a computer disk containing other information as well, it does not exist in the form of a public record. Rather, the disk is a public record that contains both exempt and nonexempt information.

A public record is "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(e). This Court has construed public record to include "writings and other means of recording" such as electronic copies, *Farrell v Detroit,* 209 Mich App 7, 11; 530 NW2d 105 (1995), and computer tapes, *MacKenzie v Wales Twp,* 247 Mich App 124; 635 NW2d 335 (2001). In fact, "[t]he FOIA presumes that all records are subject to disclosure unless the public body can show that the requested information falls

within one of the statutory exemptions." *Farrell, supra* at 11, citing *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 732; 476 NW2d 506 (1991).

We can discern no reason why the formula contained on the computer disk would be different than those types of electronic recordings already recognized as "writings" by this Court. To hold otherwise would allow public bodies to hide behind the exception by creating and maintaining public records within software and on computer disks only.

In sum, we find that the formula used to determine plaintiff's water and sewer rates was not software and was thus not exempt from disclosure under the FOIA. Moreover, we find that the formula was contained on a computer disk and that portion of the disk was a public record subject to disclosure.

Affirmed.