# STATE OF MICHIGAN

# COURT OF APPEALS

TERRY LEE ELLISON,

Plaintiff-Appellant,

v

DEPARTMENT OF STATE,

Defendant-Appellee.

FOR PUBLICATION
June 13, 2017
9:00 a.m.

No. 336759
Court of Claims
LC No. 16-000183-MZ

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

O'CONNELL, J.

Plaintiff, Terry Lee Ellison, appeals by right the January 26, 2017 order of the Court of Claims granting summary disposition under MCR 2.116(I)(2) (opposing party entitled to judgment) to defendant, Michigan Department of State, on plaintiff's claims under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* The Court of Claims erred by concluding that a computerized database was not a public record, but because plaintiff did not pay the appropriate fee for the records he sought, we affirm.

## I. FACTUAL BACKGROUND

Plaintiff's allegations included that on March 31, 2016, defendant notified plaintiff that it was canceling his license plate and registration because it was unable to verify his insurance. Plaintiff submitted appeal paperwork, but his license plate was forfeited. After calling defendant's insurance fraud unit and speaking with numerous workers, defendant reversed its forfeiture decision and reinstated plaintiff's license plate.

On July 6, 2016, plaintiff sent defendant a FOIA request that included two distinct requests. First, plaintiff requested "any and all" information related to the full name, address, vehicle plate or registration number, vehicle ID number, insurance audit date, date of most recent vehicle renewal, and fee category for all vehicle registrants that defendant notified about an inability to verify proof of insurance at renewal. Second, in the alternative, plaintiff requested that defendant provide paper copies of the letters it sent resulting from the same circumstances.

Defendant denied plaintiff's first request under MCL 15.233 and MCL 15.235(4)(b) on the basis that it did not possess a responsive record and was "not required to make a compilation, summary, report of information, or create a new public record." Defendant denied plaintiff's second request because he had not completed a record lookup request form and paid a fee for

-1-

each record. At her deposition, defendant's FOIA coordinator Michelle Halm testified that she denied plaintiff's FOIA request because the computerized system did not provide an electronic output, there was no way to create an output, and defendant was not required to create one.

Joe Rodriguez testified at his deposition that he is the assistant administrator of defendant's Office of Customer Services. He was familiar with the insurance database, which included some of the information—such as registration, VIN numbers, and customer information—that plaintiff sought. Rodriguez testified that it was not possible to simply copy the database because it had a front end and a back end, and the front end was shared between all the users on the staff. However, it would be possible to copy the database's back-end tables onto a jump drive.

On August 2, 2016, plaintiff filed his complaint in this action, seeking an order compelling FOIA disclosure, a fine, punitive damages, and costs. Plaintiff alleged that defendant improperly denied his first FOIA request because it maintained an electronic database with the information he sought, and improperly denied his second FOIA request because he was entitled to the records through FOIA rather than through the Michigan Vehicle Code (MVC)[1] commercial lookup service. Plaintiff moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), asserting that defendant violated FOIA by requiring him to use the MVC service and by not providing a copy of its electronic database in response to his FOIA request.

Defendant responded by moving for summary disposition under MCR 2.116(I)(2), arguing that plaintiff had requested personal information that was exempt from disclosure and that the records plaintiff sought did not exist, and defendant was not required to create a new record that would be responsive to plaintiff's request. Additionally, the MVC required defendant to charge a person a fee for each record contained in a computerized file, and plaintiff did not submit his request in the proper format because he failed to submit the proper fees.

The Court of Claims granted summary disposition to defendant on plaintiff's first request on the basis that the record did not exist in the form sought by plaintiff. It reasoned that the database contained "some or most of the information," but it was not a public record because "there was no routinely generated report containing this information." It additionally reasoned that defendant was not required to compile or summarize the database or create a new record.

Regarding plaintiff's second request, the Court of Claims refused to consider defendant's personal information exemption request because defendant did not cite the exemption when denying plaintiff's request, nor did defendant make any argument before the court on the balancing test employed in evaluating the exemption. However, the Court of Claims determined that defendant properly denied plaintiff's request because plaintiff had not met the statutory requirement to pay the statutory fee under the MVC.

## II. STANDARDS OF REVIEW

---

[1] MCL 257.1 *et seq.*

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000). MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013).

We also review de novo issues of statutory interpretation. *Herald*, 463 Mich at 117. The goal of statutory interpretation is to discern the Legislature's intent from the words expressed in the statute. *Id*. "If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Id*. at 117-118.

## III. ANALYSIS

First, plaintiff argues that an insurance database itself is a public record and defendant improperly denied plaintiff's request because the database was responsive to his request. We conclude that there is a question of fact on whether defendant could simply copy the relevant database file or instead defendant would have to create or alter a record.

FOIA broadly provides that "all persons . . . are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act." MCL 15.231. Accordingly, "FOIA's specific provisions generally require the full disclosure of public records in the possession of a public body." *Herald*, 463 Mich at 118.

FOIA defines "public record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(e). FOIA defines "writing" as

> handwriting, typewriting, printing, photostating, photographing, photocopying, and every other means of recording, and includes letters, words, pictures, sounds, or symbols, or combinations thereof, and papers, maps, magnetic or paper tapes, photographic films or prints, microfilm, microfiche, magnetic or punched cards, discs, drums, or other means of recording or retaining meaningful content. [MCL 15.232(h).]

For the purposes of FOIA, writings include "electronic copies and computer tapes." *City of Warren v Detroit*, 261 Mich App 165, 172; 680 NW2d 57 (2004) (citations omitted).

If a writing exists in an electronic format, the plaintiff is entitled to an electronic copy. *Farrell v Detroit*, 209 Mich App 7, 14; 530 NW2d 105 (1995). See MCL 15.234(1)(c). However, subject to exceptions that do not apply in this case, FOIA "does not require a public body to make a compilation, summary, or report of information," MCL 15.233(4), and "does not require a public body to create a new public record . . . ." MCL 15.233(5).

In *Warren*, 261 Mich App at 173, this Court determined that a computer formula used to calculate water and sewer rates was a public record. In that case, the defendant argued that the formula did not exist in the form of a public record because it was not itself a document or computer disk. *Id*. at 172. This Court rejected the argument because the formula was information stored in a computer and was used during a computing process in the same way that entered data would be. *Id*. at 171. The Court further reasoned:

> We can discern no reason why the formula contained on the computer disk would be different than those types of electronic recordings already recognized as "writings" by this Court. To hold otherwise would allow public bodies to hide behind the exception by creating and maintaining public records within software and on computer disks only. [*Id.* at 173.]

In this case, the database contained some of the information plaintiff sought, including the names, addresses, vehicle ID numbers, registration, and insurance audit information. It was not necessary for defendant to generate a report from the database for it to be a public record. The database itself was a writing because it was information stored in a computer, *Warren*, 261 Mich App at 172-173, that defendant used to perform an official function, MCL 15.232(e). The Court of Claims erred when it held that the database was not a public record.

Defendant responds that disclosing the information stored on the database would have required it to create a new record because the database did not contain *only* the information plaintiff sought. Summary disposition on these grounds would be improper because there is a question of fact regarding whether defendant could have copied the database without creating a new, more specifically responsive record.

A FOIA request need only be descriptive enough that a defendant can find the records containing the information that the plaintiff seeks. *Herald*, 463 Mich at 121. When a plaintiff does not ask the defendant to create a new record, "the fact that the [defendant] had no obligation to create a record says nothing about its obligation to satisfy plaintiff's request in some other manner . . . ." *Id*. at 122. In this case, simply because defendant could have created a strictly responsive record does not mean that it could not have satisfied plaintiff's request by copying the back-end tables. Plaintiff requested "any" information that was included in its list. The database's tables contained much of the information plaintiff sought.

Rodriguez's testimony about whether he could copy the tables containing the information plaintiff sought without needing to create a new record was self-contradictory. Rodriguez testified that he could not simply copy the entire database onto a jump drive. He testified that to put the entire database on a thumb drive, he "would have to change the programming . . . ." Rodriguez testified that he would have to program the database to give him *specific* output, like names and addresses.[2] But he also testified that he could copy the back-end tables onto a jump drive. The types of information plaintiff sought were stored as fields in the database tables.

---

[2] Such a query would necessarily compile and create a report of the information, which the FOIA does not require defendant to do. See MCL 15.233(4). See *Warren*, 261 Mich App at 173.

-4-

Rodriguez's self-contradictory testimony created a question of fact regarding whether defendant could have provided plaintiff the information he sought by simply copying the database's back-end tables or whether defendant could not do so without creating a new compilation of the data.

However, this Court need not reverse or vacate a trial court's order unless doing so appears to this Court to be inconsistent with substantial justice. MCL 2.613(A). The trial court's error is harmless if it is not decisive to the case's outcome. See *Ypsilanti Fire Marshal v Kircher (On Reconsideration)*, 273 Mich App 496, 529; 730 NW2d 481, vacated and remanded in part on other grounds 480 Mich 910 (2007). We conclude that the Court of Claim's error does not require reversal because plaintiff did not submit the appropriate fees for the records he sought.

The MVC provides that a person seeking records may proceed through either the MVC or FOIA:

> Records maintained under this act, other than those declared to be confidential by law or which are restricted by law from disclosure to the public, shall be available to the public in accordance with procedures prescribed in this act, the freedom of information act, . . . or other applicable laws. [MCL 257.208a.]

The word "or" is a disjunctive term that allows a choice between alternatives. *Michigan v McQueen*, 293 Mich App 644, 671; 811 NW2d 513 (2011). But while plaintiff is correct that he may proceed under FOIA or the MVC, this does not mean that FOIA's fee provision applies.

FOIA allows a public body to charge a fee to respond to a public record search. MCL 15.234(1). For records on "nonpaper physical media," this fee is "the actual and most reasonably economical cost of the computer discs, computer tapes, or other digital or similar media." MCL 15.234(1)(c). However, FOIA's fee provisions "do[] not apply to public records prepared under an act or statute specifically authorizing sale of those public records to the public, or if the amount of the fee for providing a copy of the public record is otherwise specifically provided by an act or statute." MCL 15.234(10).

In this case, defendant maintains the database pursuant to the requirements of the MVC. The MVC provides that records maintained under the act "shall be available to the public." MCL 257.208a. The database is therefore a public record maintained under the MVC. The MVC specifically provides that the Secretary of State may provide a commercial lookup service of records maintained under the MVC. MCL 257.208b(1). A fee shall be charged for each record looked up. *Id.* The fee is established annually by the Legislature or the Secretary of State. *Id*. Therefore, FOIA's fee does not apply because the records are prepared under an act that specifically authorizes sale of its records to the public, and the act specifically provides the amount of the fee.

The fact that plaintiff is seeking a database rather than individual paper records is not determinative. The MVC expressly addresses this scenario:

> The secretary of state shall not provide an entire computerized central file or other
> file of records maintained under this act to a nongovernmental person or entity,

-5-

> unless the person or entity pays the prescribed fee for each individual record contained within the computerized file.  [MCL 257.208b(9).]

The term "shall" is mandatory.  *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008).

The database in this case is a computerized central file that contains records for numerous individual persons.  Accordingly, MCL 257.208b(9) prohibits defendant from providing plaintiff with the database unless defendant charges plaintiff a fee for each individual record that the file contains.  Halm estimated that this fee would be an estimated $1.6 million in this case, and it is undisputed that plaintiff has not paid this amount.  Accordingly, the Court of Claims correctly concluded that defendant had grounds to deny plaintiff's FOIA request because plaintiff had not paid the statutorily required fee.

We affirm.

/s/ Peter D. O'Connell
/s/ Brock A. Swartzle
/s/ Henry William Saad