*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN RISING ACTION and TORI SACHS,

      Plaintiffs-Appellees,

v

SECRETARY OF STATE and DEPARTMENT OF STATE,

      Defendants-Appellants.

UNPUBLISHED
July 21, 2022

No. 359355
Court of Claims
LC No. 20-000157-MZ

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendants appeal by right the order of the Court of Claims granting in part plaintiffs' and defendants' respective motions for summary disposition under MCR 2.116(C)(10) and ordering certain documents to be disclosed (or disclosed in unredacted form) to plaintiffs. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff Michigan Rising Action describes itself as a "Michigan nonprofit corporation that advances the principles of free markets and limited government." Plaintiff Tori Sachs is (or was at the time of the filing of plaintiffs' complaint) Michigan Rising Action's Executive Director. In 2019, plaintiffs filed a Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, request with defendants, seeking documents relating to two campaign finance violation complaints and the subsequent administrative proceedings on those complaints. Defendants denied plaintiffs' request in part, contending that some of the requested documents were exempted under MCL 15.243(1)(h), the privilege exemption, and MCL 15.243(1)(m), the frank communications exemption.

Plaintiffs subsequently filed this action in the Court of Claims, requesting that the Court of Claims order defendants to produce the withheld documents. The parties filed cross-motions for summary disposition under MCR 2.116(C)(10), and the Court of Claims rendered its decision without oral argument after performing an *in camera* inspection of the documents. The Court of Claims ruled that some of the withheld documents were properly exempted while others were not, and ordered defendants to produce the documents it had found nonexempt. Defendants moved for reconsideration, which the Court of Claims denied.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition; we also review de novo questions of law, such as statutory interpretation and the construction and application of court rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion is properly granted under MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom*, 287 Mich App at 415. This Court "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 415-416.

"When interpreting a statute, [this Court] must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (quotation marks and citation omitted). If a statute is unambiguous, it must be applied as plainly written. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 971 NW2d 584 (2018). This Court may not read something into the statute "that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Id*. (quotation marks and citation omitted). Court rules are interpreted using the same principles that are used for statutory interpretation. *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012).

Additionally, "[t]his Court reviews de novo whether a public record is exempt from disclosure under the FOIA," but a trial court's "factual findings associated with its FOIA decision are reviewed for clear error." *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 625; 950 NW2d 484 (2019). Moreover, "certain FOIA provisions require the trial court to balance competing interests," and, "when an appellate court reviews a decision committed to the trial court's discretion . . . the appellate court must review the discretionary determination for an abuse of discretion and cannot disturb the trial court's decision unless it falls outside the principled range of outcomes." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470-472; 719 NW2d 19 (2006). Clear error occurs "when the appellate court 'is left with the definite and firm conviction that a mistake has been made.' " *Id*. at 471 (citation omitted).

## III. ANALYSIS

Defendants argue that the Court of Claims erred by concluding that certain of the withheld records were not exempt from disclosure. We disagree.

"The FOIA requires public bodies to release certain information at a citizen's request." *Warren v Detroit*, 261 Mich App 165, 166; 680 NW2d 57 (2004). Except when expressly exempted, "a person has a right to inspect, copy, or receive copies of [a] requested public record of [a] public body." MCL 15.233(1). The purpose of the FOIA is for people to "be informed so that they may fully participate in the democratic process," MCL 15.231(2), and our "Legislature codified the FOIA to facilitate disclosure to the public of public records held by public bodies," *Herald Co, Inc*, 475 Mich at 472. However, our Legislature has created numerous exemptions to

the general rule of disclosure. See MCL 15.243. Relevant to this appeal are MCL 15.243(1)(h) and (m):

> (1) A public body may exempt from disclosure as a public record under this act any of the following:
>
> * * *
>
> (h) Information or records subject to the physician-patient privilege, the psychologist-patient privilege, the minister, priest, or Christian Science practitioner privilege, *or other privilege recognized by statute or court rule.*
>
> * * *
>
> (m) Communications and notes within a public body or between public bodies of an *advisory nature* to the extent that they cover other than *purely factual materials* and are *preliminary to a final agency determination* of policy or action. This exemption does not apply unless the public body shows that *in the particular instance* the public interest in encouraging frank communication between officials and employees of public bodies *clearly outweighs* the public interest in disclosure. This exemption does not constitute an exemption under state law for purposes of section 8(h) of the open meetings act, 1976 PA 267, MCL 15.268. As used in this subdivision, "determination of policy or action" includes a determination relating to collective bargaining, unless the public record is otherwise required to be made available under 1947 PA 336, MCL 423.201 to 423.217. [Emphasis added.]

"[T]he FOIA must be broadly interpreted to allow public access to the records held by public bodies," and, in contrast, "the statutory exemptions must be narrowly construed to serve the policy of open access to public records." *Mich Open Carry, Inc*, 330 Mich App at 625. "The burden of proving that an exemption applies rests with the public body asserting the exemption." *Id*. "The FOIA exemptions signal particular instances where the policy of offering the public full and complete information about government operations is overcome by a more significant policy interest favoring nondisclosure." *Herald Co, Inc*, 475 Mich at 472. Our "Legislature has made a policy determination that full disclosure of certain public records could prove harmful to the proper functioning of the public body." *Id*. at 472-473.

## A. PRIVILEGE EXEMPTION

Defendants argue that MCL 15.243(1)(h), the privilege exemption, applied to those withheld documents that reflect settlement negotiations. We disagree.

The parties agree that the only type of privilege that could be applicable is the "catch-all" phrase "other privilege recognized by statute or court rule." MCL 15.243(1)(h). "In Michigan, '[p]rivilege is governed by the common law, except as modified by statute or court rule.' " *Detroit News, Inc v Indep Citizens Redistricting Comm*, ___ Mich ___, ___; ___ NW2d ___ (2021) (Docket No. 163823); slip op at 5, quoting MRE 501 (alteration in original). "The existence and scope of a statutory privilege ultimately turns on the language and meaning of the statute itself." *Howe v Detroit Free Press, Inc*, 440 Mich 203, 211; 487 NW2d 374 (1992). "Privileges are

narrowly defined and their exceptions broadly construed." *People v Warren*, 462 Mich 415, 427; 615 NW2d 691 (2000).

Defendants rely on MRE 408 and MCL 169.215(10), which is part of the Campaign Finance Act, MCL 169.201 *et seq*., to support their assertion that a settlement negotiation privilege exists for purposes of the FOIA. MRE 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, *is not admissible to prove liability for or invalidity of the claim or its amount*. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. [Emphasis added.]

Defendants' position rests mainly on a single decision by the United States Court of Appeals for the Sixth Circuit: *Goodyear Tire & Rubber Co v Chiles Power Supply, Inc*, 332 F3d 976 (CA 6, 2003).[1] However, *Goodyear* does not support defendants' position. In *Goodyear*, the Sixth Circuit held that FRE 408, which contained similar language to MRE 408, created a "settlement privilege" that shielded "settlement communications" for *discovery* purposes. *Goodyear*, 332 F3d at 979-982. The Sixth Circuit did not recognize such a privilege as extending to settlement communications that are the subject of an otherwise-valid FOIA request. In fact, *Goodyear* did not involve the FOIA at all. Furthermore, as the Court of Claims recognized, the plain language of MRE 408 does not support defendants' position. The language of the rule provides that settlement communications and offers to compromise are "*not admissible* to prove liability for or invalidity of the claim or its amount." MRE 408 (emphasis added). In other words, MRE 408 relates to *admissibility at trial*; it does not speak to whether such evidence is exempt or nonexempt under the FOIA.

Similarly, MCL 169.215(10) does not support defendants' argument. It states:

> No later than 45 business days after receipt of a rebuttal statement submitted under subsection (5), or if no response or rebuttal is received under subsection (5), the secretary of state shall post on the secretary of state's Internet website whether or not there may be reason to believe that a violation of this act has occurred. When the secretary of state determines whether there may be reason to believe that a violation of this act occurred or did not occur or determines to terminate its proceedings, the secretary of state shall, within 30 days of that determination, post on the secretary of state's Internet website any complaint, response, or rebuttal

---

[1] Federal courts of appeals decisions are not binding but may be considered persuasive authority. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

statement received under subsection (5) regarding that violation or alleged violation and any correspondence that is dispositive of that violation or alleged violation between the secretary of state and the complainant or the person against whom the complaint was filed. If the secretary of state determines that there may be reason to believe that a violation of this act occurred, the secretary of state shall endeavor to correct the violation or prevent a further violation by using informal methods such as a conference, conciliation, or persuasion, and may enter into a conciliation agreement with the person involved. Unless violated, a conciliation agreement is a complete bar to any further civil or criminal action with respect to matters covered in the conciliation agreement. The secretary of state shall, within 30 days after a conciliation agreement is signed, post that agreement on the secretary of state's Internet website. If, after 90 business days, the secretary of state is unable to correct or prevent further violation by these informal methods, the secretary of state shall do either of the following:

> (a) Refer the matter to the attorney general for the enforcement of any criminal penalty provided by this act.

> (b) Commence a hearing as provided in subsection (11) for enforcement of any civil violation.

This provision says nothing about a privilege for settlement negotiations. Defendants argue that such a privilege is "implied." But defendants would have this Court impermissibly read language into the statute that does not exist, and we decline to do so. See *McQueer*, 502 Mich at 286.

## B. FRANK COMMUNICATIONS EXEMPTION

Defendants also argue that certain documents were "frank communications" and therefore exempt from disclosure under MCL 15.243(1)(m). We disagree.

A party asserting this exemption must first establish that the document is a "frank communication." *Herald Co, Inc*, 475 Mich at 475 (quotation marks omitted). Our Supreme Court has stated that a frank communication involves three elements: "it (1) is a communication or note of an advisory nature made within a public body or between public bodies, (2) covers other than purely factual material, and (3) is preliminary to a final agency determination of policy or action." *Id*. If any one of these three elements is not met, the document is not a frank communication. *Id*.

A party asserting this exemption must next satisfy a weighted balancing test. Our Supreme Court has discussed the framework for this test and how it carries a high burden to avoid disclosure:

> The frank communication exemption ultimately calls for the application of a weighted balancing test where the circuit court must weigh the public interest in disclosure versus the public interest in encouraging frank communication. Under the plain language of the provision, these competing interests are not equally situated, and the Legislature intended the balancing test to favor disclosure. The Legislature's requirement that the public interest in disclosure must be clearly outweighed demonstrates the importance it has attached to disclosing frank communications absent significant, countervailing reasons to withhold the

-5-

document. Hence, the public record is not exempt under the frank communication exemption *unless* the public body demonstrates that the public interest in encouraging frank communication between officials and employees of public bodies *clearly outweighs* the public interest in disclosure. [*Id*. at 473-474.]

The party asserting this exemption must show why, in that particular instance, the interests favoring the withholding of a document clearly outweigh the interests favoring disclosure; the party may not "speak in platitudes and generalities" but must show how "the unique circumstances of the 'particular instance' affect the public interest in disclosure versus the public interest in encouraging frank communication." *Id*. at 474. However, the Supreme Court has also recognized that "the Legislature decided that the public has an interest in *encouraging* frank communication so that public officials' *ongoing* and *future* willingness to communicate frankly in the course of reaching a final agency determination is an essential component in the balancing test." *Id*. As a result, "when a court interprets the 'particular instance' in the frank communication exemption, it must remember that there is a valid public interest that officials and employees of a public body aspire to communicate candidly when the public body considers an issue that is 'preliminary to a final agency determination of policy or action.' " *Id*. at 474-475.

The Court of Claims generally described the withheld documents as falling into three categories. The first category was "draft conciliation agreements that contain no writings, comments or other information." This category contained documents 0457-0462, 0478-0485, 0494-0502, and 0513-0529.[2] The Court of Claims ruled that these documents were not frank communications because they "contain no indicia of any communications between public bodies or persons within a public body, let alone frank communications," and because "there is nothing on these drafts that show who prepared them or why one was different from another." We agree. These documents are drafts of a conciliation agreement. Some have no comments or edits at all; others reflect "track changes" using Microsoft Word. There is no indication as to the identity of the author(s), and there are no advisory statements contained within them. Such documents are not communications or notes of an advisory nature that cover something other than factual material; they are merely draft agreements. This is in contrast to the second category of documents, i.e., draft agreements that contained comments from various agency personnel, which the Court of Claims found to be frank communications not subject to disclosure; these are documents 0486-0493. Defendants would have us construe the exemption in an improperly broad manner so as to exempt most documents simply because they came from within a public body and contained proposed edits. We decline to do so. *Mich Open Carry, Inc*, 330 Mich App at 625.

The third category was comprised of "emails between Secretary of State staff and counsel for Build a Better Michigan regarding draft conciliation agreements." This category contained documents 0463-0466, 0472-0477, 0503-0512, 0530-0533, as well as portions of 0538-0541. The Court of Claims ruled that these documents were not frank communications because, as "communications between the law firm representing Build a Better Michigan and certain department personnel," "they are not communications between or within public bodies, and thus

_____

[2] Defendants assigned a "Bates-Number" to each document. The Court of Claims used these numbers to refer to the withheld documents, and we will do the same.

do not fall within the frank communication exemption contained in MCL 15.243(1)(m)." We agree. These documents are e-mails between the Michigan Department of State and the retained counsel for Build a Better Michigan; therefore, they are not between or within public bodies, but rather are the communications of a public body with the retained counsel of a non-state entity.

The Court of Claims characterized certain miscellaneous documents as falling outside these three categories; these included documents 0469-0471, 0535-0537, and 0543. The Court of Claims ruled that these documents were not frank communications because they were merely "checklists or meeting topics, i.e., factual matters, and do not appear to contain 'frank communications' between members of a public body." We agree, and, to the extent that any of those documents do contain more than factual information, we agree with the Court of Claims that defendants have failed to show how the balancing test clearly weighs in favor of nondisclosure. Although defendants make generalized claims about the need *in general* to have internal communications kept private, they fail to show how in *this particular instance* disclosure would have a chilling effect on internal communications. See *Herald Co, Inc*, 475 Mich at 474.

The Court of Claims also considered various redactions made to documents that were disclosed by defendants, as described in redaction logs. It concluded that while certain of those redactions were proper, others were not proper, thus requiring that those documents be produced in unredacted form. The court ruled that documents 009-014, 0271, 0280, 0282, 0293, 0295-0298, 0335, 0345, and 0347-0348 were not frank communications because they were merely "communications with an outside law firm for a non-state entity . . . ." We agree. These documents appear to be more communications between defendants and Build a Better Michigan and, therefore, are not between or within a public body or bodies. The Court of Claims further ruled that documents 0114, 0134, 0143, 0149, and 0155 "were simply draft documents presented without commentary or strategy," and that documents 0223, 0247, and 0261-0262 "contained only factual material, and not the type of communications that can be withheld under the exemption." Again, we agree. Documents 0114, 0134, 0143, 0149, and 0155 appear to involve multiple drafts of the same document, and there is no commentary, indicia of an author, or anything of an advisory nature. Documents 0223, 0247, and 0261-0262 contain purely factual matters, and they are not frank communications. Furthermore, for those same reasons previously discussed, defendants failed to show how in this particular instance disclosure would have a chilling effect on internal communications. See *Herald Co, Inc*, 475 Mich at 474.

Affirmed.


/s/ Jane E. Markey
/s/ Mark T. Boonstra
/s/ Michael J. Riordan