*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MACKINAC CENTER FOR PUBLIC POLICY,

      UNPUBLISHED
      October 19, 2023

      Plaintiff-Appellee/Cross-Appellant,

v

      No. 364244
      Court of Claims

MICHIGAN STATE UNIVERSITY,

      LC No. 21-000011-MZ

      Defendant-Appellant/Cross-Appellee.

Before: LETICA, P.J., and HOOD and MALDONADO, JJ.

PER CURIAM.

In this dispute involving Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, defendant appeals by right a Court of Claims order granting in part and denying in part its motion for reconsideration. Plaintiff cross-appeals by right portions of both the Court of Claims' order on reconsideration as well as its prior order granting in part and denying in part plaintiff's and defendant's respective motions for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). The Court of Claims ordered that certain documents be disclosed to plaintiff but that other documents should be withheld or redacted. We affirm.

## I. BACKGROUND

Plaintiff filed a FOIA request with defendant requesting any e-mails to or from the president of Michigan State University (MSU) that mentioned Stephen Hsu of MSU. Hsu was the subject of a student-led petition drive that sought to remove him from his administrative position, and there were also competing petitions in opposition to his removal. Many individuals, including MSU students, sent e-mails to MSU's President in support of or in opposition to the removal petitions. Plaintiff sought disclosure of these e-mails which contained, among other information, MSU students' names, e-mail addresses, and phone numbers. Defendant fully released to plaintiff some of the requested records but redacted or withheld others. Among other FOIA provisions, defendant asserted that the student information, i.e., names, e-mail addresses, and phone numbers, was exempt from disclosure pursuant to MCL 15.243(2), which exempts education records that fall within the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 USC 1232g. Defendant asserted that other portions were "frank communications" exempt pursuant to MCL

15.243(1)(m). Plaintiff commenced this action and requested that the Court of Claims order defendant to disclose the redacted and withheld material; however, only the redacted information is at issue for the purposes of this appeal.

The parties filed competing motions seeking summary disposition pursuant to MCR 2.116(C)(10), and the Court of Claims rendered its decision without oral argument after performing an *in camera* inspection of the documents. The Court of Claims concluded that some of the withheld documents were exempt while others were not. Defendant filed a motion for reconsideration regarding two pages that the Court of Claims had ruled were not exempt under the frank communications exemption and further argued that the Court of Claims palpably erred by not exempting the student information pursuant to MCL 15.243(2) and FERPA. The Court of Claims granted defendant's motion as it related to the two pages and the frank communications exemption but denied the motion as it related to FERPA. Defendant appeals and argues that the student information should have been exempted pursuant to MCL 15.243(2) and FERPA. Plaintiff cross-appeals and argues that the frank communications exemption did not apply.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

We review de novo a decision on summary disposition as well as the interpretation of a statute. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion is properly granted pursuant to MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom*, 287 Mich App at 415. We "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 415-416.

Additionally, "[t]his Court reviews de novo whether a public record is exempt from disclosure under the FOIA," but the Court of Claims's "factual findings associated with its FOIA decision are reviewed for clear error." *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 625; 950 NW2d 484 (2019). Moreover, "certain FOIA provisions require the trial court to balance competing interests," and, "when an appellate court reviews a decision committed to the trial court's discretion, such as the balancing test at issue in this case [i.e., the frank communication exemption], . . . the appellate court must review the discretionary determination for an abuse of discretion and cannot disturb the trial court's decision unless it falls outside the principled range of outcomes." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470-471; 719 NW2d 19 (2006). Clear error exists "when the appellate court 'is left with the definite and firm conviction that a mistake has been made.' " *Id*. at 471 (citation omitted).

Issues of statutory interpretation are reviewed de novo. *Boyle v Gen Motors Corp*, 468 Mich 226, 229; 661 NW2d 557 (2003). "When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (quotation marks and citation omitted). If a statute is unambiguous, it must be applied as plainly written. *McQueer v Perfect Fence Co*, 502 Mich 276,

286; 971 NW2d 584 (2018). We may not read something into the statute "that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Id*. (quotation marks and citation omitted). A statute cannot be interpreted in such a way that renders language nugatory. *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).

Finally, we review for abuse of discretion a trial court's decision on a motion for reconsideration. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). A trial court abuses its discretion "when the decision results in an outcome falling outside the range of principled outcomes." *Id*. at 605-606 (quotation marks and citation omitted).

## B. RELEVANT STATUTORY PROVISIONS

This case revolves around Michigan's Freedom of Information Act, commonly referred to as "FOIA." FOIA's purpose is to enable the public to "be informed so that they may fully participate in the democratic process," MCL 15.231(2), and it was enacted "to facilitate disclosure to the public of public records held by public bodies." *Herald Co, Inc*, 475 Mich at 472. To that end, FOIA "requires public bodies to release certain information at a citizen's request." *Warren v Detroit*, 261 Mich App 165, 166; 680 NW2d 57 (2004). Except when expressly exempted, "a person has a right to inspect, copy, or receive copies of [a] requested public record of [a] public body." MCL 15.233(1). There is no dispute that defendant is a public body or that the documents are public records.[1]

"FOIA must be broadly interpreted to allow public access to the records held by public bodies," and, in contrast, "the statutory exemptions must be narrowly construed to serve the policy of open access to public records." *Mich Open Carry, Inc*, 330 Mich App at 625. "The burden of proving that an exemption applies rests with the public body asserting the exemption." *Id*. "The FOIA exemptions signal particular instances where the policy of offering the public full and complete information about government operations is overcome by a more significant policy interest favoring nondisclosure." *Herald Co, Inc*, 475 Mich at 472. Our "Legislature has made a policy determination that full disclosure of certain public records could prove harmful to the proper functioning of the public body." *Id*. at 472-473.

The Legislature codified numerous exemptions to the general rule of disclosure with the enactment of MCL 15.243, which provides in relevant part:

(1) A public body may exempt from disclosure as a public record under this act any of the following:

* * *

(m) Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual

---

[1] For definitions of the terms "public body" and "public record," see MCL 15.232(h) and (i), respectively.

materials and are preliminary to a final agency determination of policy or action. This exemption does not apply unless the public body shows that in the particular instance the public interest in encouraging frank communication between officials and employees of public bodies clearly outweighs the public interest in disclosure. . . .

* * *

(2) A public body shall exempt from disclosure information that, if released, would prevent the public body from complying with [FERPA]. . . .

* * *

It is the frank communications exemption and the FERPA exemption that are at issue in this appeal.

## C. FRANK COMMUNICATIONS EXEMPTION

Plaintiff argues that communications between MSU officials were not exempted by the frank communications exemptions. We disagree.

A party asserting the exemption found in MCL 15.243(1)(m) must first establish that the document is a "frank communication." *Herald Co, Inc*, 475 Mich at 475 (quotation marks omitted).

[A] document is a "frank communication" if the trial court finds that it (1) is a communication or note of an advisory nature made within a public body or between public bodies, (2) covers other than purely factual material, and (3) is preliminary to a final agency determination of policy or action. *Id*.

If any of these requirements are not met "then the frank communication exemption simply does not apply." *Id*. Once it is established that the document sought involves a frank communication, the court must apply a balancing test:

The frank communication exemption ultimately calls for the application of a weighted balancing test where the circuit court must weigh the public interest in disclosure versus the public interest in encouraging frank communication. Under the plain language of the provision, these competing interests are not equally situated, and the Legislature intended the balancing test to favor disclosure. The Legislature's requirement that the public interest in disclosure must be clearly outweighed demonstrates the importance it has attached to disclosing frank communications absent significant, countervailing reasons to withhold the document. Hence, the public record is not exempt under the frank communication exemption *unless* the public body demonstrates that the public interest in encouraging frank communication between officials and employees of public bodies *clearly outweighs* the public interest in disclosure. [*Id*. at 473-474.]

Plaintiff does not dispute that the information at issue involved frank communications.

-4-

Our Supreme Court has detailed considerations that come into play when balancing the interests in the context of this exemption:

> In addition to the statutory language initially favoring disclosure of a frank communication, it is important to consider carefully other words and phrases in the statutory text. First, we must be cognizant of the competing interests at stake *in the particular instance*. Rather than speak in platitudes and generalities, the parties and the courts must consider how the unique circumstances of the "particular instance" affect the public interest in disclosure versus the public interest in encouraging frank communication. Second, the Legislature decided that the public has an interest in *encouraging* frank communication so that public officials' ongoing and future willingness to communicate frankly in the course of reaching a final agency determination is an essential component in the balancing test. Therefore, when a court interprets the "particular instance" in the frank communication exemption, it must remember that there is a valid public interest that officials and employees of a public body aspire to communicate candidly when the public body considers an issue that is "preliminary to a final agency determination of policy or action." [*Id*. at 474-475 (footnote omitted).]

Plaintiff's sole argument on appeal is that defendant failed to provide specific reasons in favor of secrecy in this instance, relying instead on "platitudes and generalizations" to support nondisclosure. Plaintiff relies on cases in which this Court held that the public body failed to meet its burden because it relied on only general statements regarding the interest in promoting frank communication. See *Nicita v Detroit*, 216 Mich App 746, 755; 550 NW2d 269 (1996) (concluding that the public body's witness testified "only in general terms, indicating that disclosure of such communications would discourage employees from writing down their thoughts"); see also *Mich Rising Action v Secretary of State*, unpublished per curiam opinion of the Court of Appeals, issued July 21, 2022 (Docket No. 359355), p 7 (holding that while the "defendants make generalized claims about the need in general to have internal communications kept private, they fail to show how in this particular instance disclosure would have a chilling effect on internal communications").[2] Plaintiff's argument is not consistent with the record.

Defendant submitted an affidavit from Rebecca Nelson, the director of the FOIA office, who provided a detailed description of each redaction. In its motion for summary disposition, defendant argued that most of the pages contained information that did not relate to Hsu. For those pages that did relate to Hsu, defendant contended that the redacted information involved drafts of public statements or lines in short e-mails from senior MSU administrators. Defendant maintained that the disclosure of such information, which was only tangentially related to the petitions involving Hsu, would not contribute significantly to the public's understanding of government operations but would, in contrast, "undoubtedly cause public officials and employees to stop putting candid advice in writing, particularly in high-profile or controversial circumstances where

---

[2] Although unpublished opinions are not precedentially binding, MCR 7.215(C)(1), they may be considered for their persuasive value. *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 384-385; 760 NW2d 856 (2008).

frank communication is often needed the most." Therefore, contrary to plaintiff's assertions, defendant did not provide mere "platitudes and generalities." The Hsu situation was high-profile and sensitive, and defendant reasoned that its officials needed to be able to communicate with each other candidly and in confidence about such sensitive topics without fear that such communications would be subject to disclosure. In contrast with the cases plaintiff cited, defendant specifically addressed the redacted information and explained why it believed that the public's interest in disclosure was clearly outweighed by the chilling effect of disclosure.

Therefore, we conclude that the Court of Claims properly deemed these redactions exempt from disclosure.[3]

## D. FERPA EXEMPTION

Defendant argues that MCL 15.243(2) exempted the student information because such information fell into the category of "education records" pursuant to FERPA. We disagree.

FERPA was enacted by the federal government "to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records. The Act directs the Secretary of Education to withhold federal funds from any public or private 'educational agency or institution' that fails to comply with these conditions." *Gonzaga Univ v Doe*, 536 US 273, 278; 122 S Ct 2268; 153 L Ed2d 309 (2002). To protect Michigan's educational institutions from the withholding of such federal funds, the Legislature enacted a FOIA exemption expressly incorporating FERPA and ensuring compliance with its mandates. This provision is MCL 15.243(2), which provides that "[a] public body shall exempt from disclosure information that, if released, would prevent the public body from complying with" FERPA.

Defendant argues that redaction was required so that it could comply with 20 USC 1232g(b)(1), which provides in relevant part:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained

---

[3] To the extent that plaintiff attempts to challenge the Court of Claims' reasoning as inadequate, we decline to address this argument because plaintiff failed to include this as an issue in its statement of questions presented. See *Michigan's Adventure, Inc v Dalton Twp*, 290 Mich 328, 337 n 3; 802 NW2d 353 (2010). Moreover, plaintiff provides no substantive analysis, thereby abandoning the argument. See *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 695; 880 NW2d 269 (2015). To the extent that plaintiff attempts to provide a substantive analysis in its reply brief, reply briefs may contain only rebuttal arguments, and raising an issue for the first time in a reply brief is not sufficient to properly present an issue for appeal. *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). Regardless, we have examined the Court of Claims' reasoning and are convinced that it provided an adequate analysis concerning why the frank communications exemption applied.

therein *other than directory information* . . . of students without the written consent of their parents to any individual, agency, or organization . . . .[4] [Emphasis added.]

The statute clarifies that "whenever a student has attained eighteen years of age, or is attending an institution of postsecondary education, the permission or consent required of and the rights accorded to the parents of the student shall thereafter only be required of and accorded to the student." 20 USC 1232g(d). The terms "education records" and "directory information" are defined by this section of the statute:

> (4)(A) For the purposes of this section, the term "education records" means, except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which--
>
> (*i*) contain information directly related to a student; and
>
> (*ii*) *are maintained* by an educational agency or institution or by a person acting for such agency or institution.
>
> * * *
>
> (5)(A) For the purposes of this section the term "directory information" relating to a student includes the following: the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student. [20 USC 1232g(a).]

"Maintained" is not defined by the statute, but the United States Supreme Court, relying on a dictionary defined it as follows: "to keep in existence or continuance; preserve; retain." *Owasso Indep Sch Dist No. I-011 v Falvo*, 534 US 426, 433; 122 S Ct 934; 151 L Ed 2d 896 (2002) (quotation marks and citation omitted). The Court observed that "[t]he word 'maintain' suggests FERPA records will be kept in a filing cabinet in a records room at the school or on a permanent secure database, perhaps even after the student is no longer enrolled." *Id*. at 433 (emphasis added).

Defendant argues that the redactions in the disputed e-mails were necessary to comply with FERPA's prohibition against releasing education records or personally identifiable information found in education records. 20 USC 1232g(b)(1). Plaintiff argues that the e-mails in question were not education records. We conclude that the e-mails are not education records because they do not contain information directly related to the students who sent them and because they are not maintained by defendant. Moreover, even if the e-mails were education records, the redacted information consisted of directory information that was not exempt from disclosure.

---

[4] The statute provides a list of several exceptions that are inapplicable. 20 USC 1232g(b)(1)(A)-(L).

While it is true that the information involved students from defendant's campus, the e-mails in question were not "directly related to a student . . . ." 20 US 1232g(d)(4)(A)(*i*). Rather, the students were reaching out to address the situation involving Hsu and showcasing whether they supported or opposed Hsu's removal. As the Court of the Claims found, the information related more directly to Hsu than to the students. In other words, although the information related *tangentially* to the students, the information did not *directly* relate to them but, instead, directly related to the situation involving Hsu.

Moreover, even if directly related to the students, defendant has continually presented no information establishing that defendant "maintained" this information as is required by FERPA. See 20 USC 1232g(a)(4)(A)(*ii*). Plaintiff failed to show that defendant purposefully kept this information in existence or continuance, preserved it, or retained it. Plaintiff failed to show that defendant kept such information in either a physical filing cabinet or a permanent secure database specifically related to the students. See *Owasso*, 534 US at 433. To conclude that defendant maintained this information simply by virtue of possessing the e-mails would impermissibly render "maintained" nugatory because it would then follow that *any* disputed information in an educational institution's possession would be "maintained" by the institution. Put differently, if an educational institution attempts to prevent disclosing certain information via FOIA and FERPA then it must have possession of that information in the first place. That information has to be stored in some manner by the institution, whether on an e-mail server, in a filing cabinet, or in some other medium. The language of FERPA and *Owasso* demonstrate that more must be shown by an educational institution to establish that it maintains student information.

Finally, we conclude the redacted student information is mere directory information, which is excluded from the general FERPA disclosure prohibitions. 20 USC 1232g(b)(1). The redacted information contained the students' names, e-mails, and phone numbers, and such information is explicitly included in the definition of "directory information." See 20 USC 1232g(a)(5)(A); see also 34 CFR § 99.3(a). Directory information even includes such things as addresses, date and place of birth, field of study, weight and height for members of athletic teams, awards received, and other institutions attended. *Id*. Therefore, even if the pertinent e-mails were education records, they still would not be exempt from disclosure.

Affirmed.

/s/ Anica Letica
/s/ Noah P. Hood
/s/ Allie Greenleaf Maldonado